Argued September 9, affirmed November 17, 1965

# STATE OF OREGON *v.* TACKER

407 P. 2d 851

*Jack R. Hannam,* Portland, argued the cause for appellant. With him on the brief was John P. Ronchetto, Portland.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Lewis B. Hampton, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

PERRY, J.

The defendant was convicted of the crime of receiving and concealing stolen property and appeals.

His sole contention of error is based upon the trial court's failure to sustain his motion to suppress the property he was alleged to have received and concealed.

His contention that the motion to suppress was erroneously overruled is grounded on the contention that the affidavit upon which a search warrant was issued and the property seized was insufficient in that it is based upon information and belief.

The affidavit upon which the search warrant was issued is as follows:

"STATE OF OREGON, )
                 ) ss.
County of Multnomah. )

"I, ED GROHS, being first duly sworn depose and say:

"That I make this affidavit for issuance of a

search warrant of a certain dwelling, commonly known as and located at 4400 S. E. 130th Avenue, in Multnomah County, Oregon, said dwelling being occupied by one J. D. Tacker.

"That I have been told by informants that they have personally seen displayed at the above described premises certain stolen guns, described as follows:

"One (1) Iver Johnson .22 Caliber Target Pistol, Long Octigan Barrell, Serial No. 80848 MDL of 1900 vintage;

"One (1) Colt .22 Caliber Woodsman Automatic Pistol, 6 inch Barrell, Serial No. 92444;

"One (1) Remington .41 Caliber 2-Barrell Derringer, Serial No. NP XX No. 614;

"One (1) Colt Pocket Navy Pistol .38 Caliber, No. 93971;

"That said informants have personally seen the above-described guns on the above-described premises during the first days of January, 1964.

"That the informants have described the above-mentioned guns seen at the above-described premises in the same details as above described.

"That I am informed by said informants that the above mentioned guns were taken during a burglary of a tavern in Kelso, Washington, and that the above-described guns, as described by said informants, fit the description of certain stolen guns taken in a burglary of a tavern in Kelso, Washington, which knowledge we have gained through communication with police in Kelso, Washington.

"That said informants have disclosed the precise whereabouts of said guns in the said above-described premises.

"I pray that the above-entitled court issue a search warrant to search for the above-mentioned and described property.

/s/ Ed Grohs

600

"Subscribed and sworn to before me this 14th day of January, 1964.

/s/ John F. Gantenbein
District Judge."

The affidavit discloses that in form it is not sworn to upon information and belief. It appears that defendant's contention is that a search warrant may not issue unless the deponent has personal knowledge that the property sought to be seized is upon the premises sought to be searched, and, therefore, such an affidavit is upon information and belief.

The essential question then is whether an affidavit containing hearsay declarations of facts, presumably within the personal knowledge of an informant, constitutes probable cause for the issuance of a valid warrant.

This court has never passed upon this precise question. However, this precise question was thoroughly considered by the Supreme Court of the United States in *Jones v. United States,* 362 US 257, 269, 80 S Ct 725, 4 L ed2d 697, where the court stated the question as follows:

"* * * The question here is whether an affidavit which sets out personal observations relating to the existence of cause to search is to be deemed insufficient by virtue of the fact that it sets out not the affiant's observations but those of another."

The court then proceeds to hold that there is a vast difference between proof of probable cause and proof of guilt, and that an affidavit based on hearsay, if sufficient to convince the issuing magistrate of probable cause, is sufficient for the issuance of a valid search warrant.

The *Jones* decision is followed and approved in *Rugendorf v. United States,* 376 US 528, 84 S Ct 825, 11 L ed2d 887, and *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L ed2d 684.

The affidavit in *Rugendorf* is for all intents and purposes identical with that in the case before us.

■ The policy behind these decisions is expressed in *United States v. Ventresca, supra,* 85 S Ct 741, 746, as follows:

"These decisions reflect the recognition that the Fourth Amendment's command, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of the criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

"This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. * * * Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where the circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the court should not in-

validate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. * * *."

The trial court committed no error in overruling the motion to suppress.

The judgment is affirmed.