Argued July 10, reversed and remanded October 2, 1968

STATE OF OREGON, *Respondent, v.*
WENDELL J. INGRAM,
*Appellant.*

445 P. 2d 503

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and LUSK, Justices.

DENECKE, J.

The defendant was convicted of having possession of heroin. He appeals solely upon the ground that evidence secured by a search was inadmissible because

the affidavit which was the basis for issuing the warrant authorizing the search was insufficient.

We recently held in *State v. Dunavant*, 250 Or 570, 444 P2d 1 (1968), that the affidavit was defective because the vital statement therein, that the defendant had redeemed stolen green stamp books, was not made upon the personal knowledge of the affiant and the affidavit contained no statement of the source of such information. The affidavit was also defective because there was no statement creating an inference that the stolen property was at defendant's home, where the warrant was directed; to the contrary, the affidavit stated that part of the stolen property was not at the defendant's home and that six days before the warrant was issued the defendant was disposing of the stolen property.

■ In *State v. Dunavant*, supra (444 P2d 1), we stated some of the principles governing the sufficiency of affidavits filed to procure search warrants. The evidence of probable cause must be more than would give rise to a mere suspicion but it can be less than would justify an officer in making a search without a warrant. The magistrate may make inferences which reasonably arise from the facts stated in the affidavit. Hearsay evidence is sufficient if the affidavit states facts from which the magistrate can reasonably infer that the informant of the affiant is credible or reliable.

The affidavit in the instant case is as follows:

"That I am a member of the Portland Police Department;

"That on the evening of January 8th and the morning of January 9th, 1967, I was in the company of a person known to me as Patrick M. Lehman; that we drove to many addresses during the

early morning hours, finally arriving at 927 S.E. Hancock, where Lehman, and person by the name of 'Dick,' whom we had picked up earlier, went into the house, where they remained for about 30 minutes and where Lehman obtained for me a capsule of white powder which is heroin;

"That the premises of 927 N.E. Hancock are occupied by an individual known as Wendell Ingram who is a known narcotics user, and that surveilance [sic] of the premises has established that numerous known narcotics addicts and users have been seen to enter and depart the premises; and I further depose and say that I have good reasons to believe that property similar to the above mentioned and described property is concealed in the premises of the said Wendell Ingram, situated at 927 N.E. Hancock in the City of Portland, said County and State, I therefore pray the above entitled Court to issue a SEARCH WARRANT to examine premises above described and specified and search for the above described property."

■ We hold that the affidavit in the instant case was defective. Our decision is based upon the conclusion that the length of time that elapsed between the obtaining of the heroin and the making of the affidavit is too great to permit the magistrate to find that probable cause existed that narcotics were on the premises on the date of the affidavit.

■ No permissible or reasonable time lapse can be specified. Whether the lapse of time is deemed to have been so long that it reasonably cannot be inferred that contraband is present at the premises will depend upon all the circumstances. The cases illustrate this.

In *People v. Dolgin,* 415 Ill 434, 114 NE2d 389 (1953), the charge was counterfeiting cigarette tax meter stamps. Cigarettes bearing the counterfeited stamps were purchased during the period August 24

to October 8; however, the warrant was not applied for until November 26. The court found that the warrant was valid because the past continuing nature of the illicit operation made it probable that the operation was continuing 49 days after the last purchase.

On the other hand, it was held that a single purchase of liquor from an unlicensed person on September 13 did not justify the issuance of a warrant on September 17 pursuant to an affidavit made on September 17. *People v. Siemieniec,* 368 Mich 405, 118 NW2d 430, 100 ALR2d 522 (1962). The court stated:

> "* * * Whether the affiant's observations are made 4, 6 or 66 days before application for a search warrant, the warrant may issue only upon a showing that reasonable cause exists to believe illegal activity is occurring at the time the warrant is sought. * * *" 368 Mich at 407.

In the instant case the heroin was obtained on January 9. The affidavit was made on February 6. Heroin is easily disposable and transportable and its presence on January 9 would not afford any strong basis for believing that it was present on the premises a month later.

In addition, the affiant does not state that the defendant was occupying the premises on the date the heroin was obtained. The affidavit only states that Ingram occupied the premises on the date of the affidavit.

■ The fact that the defendant is a known narcotics user also is not sufficient to fill the time gap. It is not reasonable to infer that narotics users have narcotics at their premises at all times.

■ The statement that numerous narcotics users have been seen entering and departing the premises

possibly would have been sufficient if the dates of the surveillance had been set forth. However, the reader of the affidavit is left uncertain whether the period of observation was at or near January 9, on February 6, during the period between such dates, or at some other time.

■ We are not departing from the policy we adopted in *State v. Tacker,* 241 Or 597, 601, 407 P2d 851 (1965), as expressed in *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L ed2d 684 (1965), which is to encourage searches pursuant to warrants and, therefore, to resolve marginal cases in favor of holding the warrant valid. In this particular case, however, we conclude that the affidavit has fallen below the acceptable standards.

Reversed and remanded.