Argued May 13, affirmed June 25, 1969

# STATE OF OREGON, *Respondent, v.*
# BENNIE EDDIE McDONALD,
*Appellant.*

456 P2d 80

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

DENECKE, J.

The only issue is, did the affidavit which was the basis for a search warrant state probable cause for the issuance of the warrant?

The affidavit stated as follows:

"I, Robert Trummer, being first duly sworn, on oath, depose and say, that I am a Portland Police officer, assigned to the narcotics squad;

"That on November 1, 1967 I was in contact with a person who has furnished the Portland Police Department with a considerable amount of reliable information in the past with regard to narcotics traffic in Portland;

"That this confidential, reliable informant told me that a subject known as 'Curly' is presently residing in apartment #3 at 2521 N. Williams Avenue, City of Portland, County of Multnomah, State of Oregon, and that this subject has in his possession a large quantity of heroin;

"My informant told me that the informant has seen the above subject sell heroin to others in this apartment and has personally purchased heroin from the above subject;

"That I know my informant is accurate and reliable because the informant has given me and other members of the Portland Police Department information which has led to convictions for illegal possession of narcotics and to discoveries of contraband drugs including:

"[setting out three specific dates and addresses] and I further depose and say that I have good reasons to believe the above mentioned and described property is concealed on the premises lo-

cated at 2521 N. Williams Avenue, apartment #3 in the City of Portland, County of Multnomah, State of Oregon, I therefore pray the above entitled Court to issue a SEARCH WARRANT to examine the person of the said John Doe aka 'Curly' and premises above described and specified and search for the above described property.

"/s/ Robert Trummer
Informant

"Subscribed and sworn to before me this 2nd day of November 1967.

"/s/ Joseph J. Labadie
Municipal Judge of the City
of Portland and ex-officio
Justice of the Peace"

The defendant concedes that the affidavit sufficiently states facts from which the magistrate could determine that the informant was reliable. The defendant attacks the affidavit because he contends it does not state how the informant knew the defendant had heroin in his possession.

The sufficiency of an affidavit to support the issuance of a search warrant has been an issue before us on several recent occasions. *State v. Scheidemann,* 252 Or 70, 448 P2d 358 (1968) ; *State v. Ingram,* 251 Or 324, 445 P2d 503 (1968) ; *State v. Dunavant,* 250 Or 570, 444 P2d 1 (1968) ; *State v. Tacker,* 241 Or 597, 407 P2d 851, 10 ALR3d 355 (1965).

Since our last decision on this subject the United States Supreme Court decided *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed2d 637 (1969). The key statements in the affidavit used in that case were that a reliable informant informed the FBI agent making the affidavit that Spinelli was conducting a gambling operation at an apartment by means of two

telephones in the apartment; that Spinelli had parked his car in the lot of such apartment on four days in August, and on one of those occasions went into that certain apartment.

The majority held that the affidavit was insufficient, first, because there were no facts from which the magistrate could verify that the informant was reliable, and, more important, the affidavit did not state the circumstances from which the informant formed the opinion that Spinelli was conducting a gambling operation.

*Spinelli v. United States,* supra (21 L Ed2d 637), was expressly an explication of *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed2d 723 (1964). The basis of the decision in *Aguilar v. Texas,* supra (378 US at 114-115), is:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States,* 362 US 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States,* 376 US 528, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime.' *Giordenello v. United States, supra,* at 486; *Johnson v. United States, supra,* at 14, or, as in this case, by an unidentified informant."

Mr. Justice Fortas in dissenting in *Spinelli* stated that the *Aguilar* test was two-pronged: the affidavit must set forth (1) facts to support the assertion of the affiant that the informant is reliable and (2) facts to support the assertion of the informant that the accused is engaged in criminal activity. The dissent was on the ground that the affidavit did satisfy these two requirements.

In the present case the reliability of the informant is conceded. The state relies upon the statements in the affidavit that the informant has seen the defendant sell heroin from his apartment and has personally purchased it from him as providing a sufficient statement of circumstances from which the informant could make his statement to the officer that the defendant had heroin in his possession.

The defendant contends that the affidavit does not state or infer that the purchases observed or made by the informant were at approximately the same time as the informant gave his information to the police, and that such information is necessary to enable the magistrate to decide whether the informant's conclusion that narcotics are present is based upon credible information.

This court has not passed upon this problem of whether the facts observed by a reliable informant are sufficient to support his assertion that the defendant has narcotics in his possession. In *State v. Ingram,* supra, and *State v. Scheidemann,* supra, police officers alleged in their affidavits that they believed narcotics were on the premises. They set out facts from which they drew this inference. In *State v. Ingram,* supra, we held that we could not determine the time of certain facts alleged and, therefore, could not find that such

facts were sufficient to support the affiant-officer's conclusion. In *State v. Scheidemann,* supra, the times of the previous sales were set out and we held that such sales were too remote and did not sufficiently support the inference the officer drew.

In the instant case we have something more,—an informant of proven reliability who has informed the officer the day before the affidavit was made that the defendant has narcotics in his possession. Mr. Justice White observes in his concurring opinion in *Spinelli v. United States,* supra (21 L Ed2d at 648-649) : "A strong argument can be made that both [a statement by a reliable informant or an honest experienced officer] should be acceptable under the Fourth Amendment, but under our cases neither is."

We hold that when an affidavit states that a reliable informant has told the affiant that the accused now has narcotics in his possession the magistrate can infer that the sales witnessed and the purchase made by the informant were close enough in point of time to render credible the informant's statement of possession.

We believe that our reasoning is in accordance with the principle stated in *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L Ed2d 684 (1965), quoted with approval by this court in *State v. Tacker,* supra (241 Or at 601) :

" '* * * Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area [affidavits for search warrants] * * *.
" '* * * Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. How-

ever, where the circumstances are detailed, where reason for crediting the source of the information is given, and where a magistrate has found probable cause, the court should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner * * *.' "

We also consider that our decision is not contrary to the often cited case on this problem, *Rosencranz v. United States,* 356 F2d 310 (1st Cir 1966). In that case the conclusion that there was illegal mash upon the premises was partially based upon a tip received at an unstated time from an anonymous informant, not a proven reliable informant.

By the present decision we do not encourage the omission from affidavits of the date on which the informant's observations were made. A magistrate might well conclude that the time at which the informant observed the facts supporting his conclusion must be set forth before the magistrate can determine that the affidavit sufficiently states probable cause. Based on appellate cases this specificity appears to be a common practice. For example, *United States ex rel DeRosa v. LaVallee,* 406 F2d 807 (2d Cir 1969); *State v. Allen,* 9 Ariz App 196, 450 P2d 708, 712 (1969). We are holding that under the circumstances set out in the affidavit the magistrate was justified in finding probable cause.

Affirmed.