Argued December 4, 1968, affirmed July 16, petition for
rehearing denied September 5, 1969

# STATE OF OREGON, *Respondent, v.*
# ROY LEE SPICER, *Appellant.*

456 P2d 965

*John Toran, Jr.,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, GOODWIN, HOLMAN and MENGLER,* Justices.

PERRY, C. J.

The defendant Roy Lee Spicer was convicted of the crime of illegal possession of narcotics and appeals.

On the 17th day of November, 1966, the following affidavit to procure a search warrant was filed before a magistrate:

"I, Matt I. Bisenius, Being first duly sworn, on oath, depose and say,

"That on November 9, 1966, an informant advised me that he had made several purchases of Marihuana from an individual later identified as Roy Spicer at a house located at 2016 N. Williams Avenue, Portland, Multnomah County, Oregon, over a period of time since last summer;

"That on November 11, 1966, I went with said informant in his automobile to 2016 N. Williams Avenue and waited out in his auto while he went into the house. The informant returned a short time later and turned over to me two wax paper bags of Marihuana that he told me he purchased from Roy Spicer inside said house for the sum of $25.00. Prior to driving to said house I thoroughly searched the informer and he did not have any Marihuana on his person at that time. I kept him under observation the entire period of time

---

*Mengler, J., did not participate in the decision of this case.

from then on until he returned with the Marihuana except for the short time that he was actually inside said house and he did not have an opportunity to obtain said Marihuana from any place except inside said house;

"That the records of the Portland Police Bureau indicate that the above two bags were analyzed by the Portland Police Bureau Crime Lab on November 14, 1966 and the results were positive for Marihuana;

"That Roy Spicer lives at 2016 N. Williams Avenue, Portland, Multnomah County, Oregon, and I farther [sic] depose and say that I have good reasons to believe the above mentioned and described propery [sic] is concealed on the person of one Roy Spicer or in the premises of the said Roy Spicer, situated at 2016 N. Williams Avenue in the City of Portland, said County and State, I therefore pray the above entitled Court to issue a SEARCH WARRANT to examine the person of the said Roy Spicer and premises above described and specified and search for the above described property."

A return was made which stated that "marihuana" was found on the person of the defendant and in his place of residence.

The defendant moved to suppress the evidence found, contending that the affidavit was insufficient to support a finding by the magistrate of probable cause. This is the sole assignment of error.

 "Probable cause" in an affidavit to procure a search warrant is much less than proof beyond a "reasonable doubt" which is necessary to convict of crime. Therefore, hearsay evidence may be the basis for the issuance of a warrant if there is a substantial showing of the reliability of the hearsay. *State v. Tacker*, 241 Or 597, 407 P2d 851, 10 ALR3d 355; *United States v.*

*Ventresca,* 380 US 102, 85 S Ct 741, 13 L ed 2d 684; *McCray v. Illinois,* 386 US 300, 87 S Ct 1056, 18 L ed 2d 62.

The affidavit presented to the magistrate relates that the informer told the affiant that he had made several purchases of marijuana from Roy Spicer at a house located in Portland, Oregon, "over a period of time since last summer." The affidavit then recites factually what the affiant did to corroborate the information given him by the informant.

■ Where hearsay is corroborated by a recital of facts within the personal knowledge of the affiant which would lead a reasonably cautious person to believe the informant to be reliable, then the hearsay is sufficient to justify probable cause for the issuance of a warrant or probable cause to arrest. *State v. Henry,* 249 Or 287, 437 P2d 851; *State v. Penney,* 242 Or 470, 410 P2d 226.

■ The defendant also seems to contend that a lapse of five days between the purchase of the marijuana and the signing of the affidavit will not support the officer's statement that he has good reason to believe that marijuana is on the person or the premises of the defendant at the time the warrant was issued.

In *State v. Ingram,* 251 Or 324, 445 P2d 503, we held that a single purchase of Heroin made on January 9, 1967, standing alone was not sufficient to support a reasonable conclusion that there was Heroin on the premises on February 8th, a lapse of almost a month.

In the matter before us, the affidavit discloses that the informer, whose reliability was tested, stated he had made several purchases of marijuana over quite a long period of time from the defendant at the same place where he purchased for the officer. This,

it would seem, would impress a reasonable mind with the thought that the possession of marijuana at the defendant's home was a continuing business enterprise and, in the absence of some fact that would disclose otherwise, the affidavit should be sustained. "* * * [A]ffidavits for search warants * * * must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion." *United States v. Ventresca,* supra, 380 US 102, 108.

The judgment is affirmed.