Argued May 23, reversed and remanded for a new trial June 23,
reconsideration denied July 30, petition for review denied
September 3, 1975

STATE OF OREGON, *Respondent, v.* GUMARO
GARZA, JR. (Nos. 2007-C and 2008-C), *Appellant.*

537 P2d 114

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant, convicted of burglary in the first degree, appeals, asserting that the circuit court erred in denying his motion to suppress evidence seized as the result of a warrant search of defendant's father's home (hereafter the Garza residence).

█ The warrant was issued pursuant to an affidavit sworn to by an Ontario police detective. Defendant first contends the facts stated in the affidavit do not represent probable cause to believe stolen items were in the Garza residence at the time the warrant issued. We limit our inquiry to probable cause to the four corners of the affidavit. *State v. Hughes,* 20 Or App 493, 532 P2d 818 (1975); *State v. Sagner,* 12 Or App 459, 506 P2d 510, Sup Ct *review denied* (1973).

The pertinent parts of the affidavit stated:

"1. * * * That I have been investigating two

burglaries, to wit, the Wesley L. Roberts residence and the James N. Skousen residence, which were committed on or about November 11th, 1973, with Michael Hays, Oregon State Police criminal investigator.

"2. That in connection with such investigation, one Nick Salazar, a juvenile, was taken into custody on February 4th, 1974, and charged with the above-noted burglaries among other charged crimes. That the said Nick Salazar gave a taped statement in which he named Pete Vega and Gumaro Garza as his accomplices. In addition, the said Nick Salazar stated that the following items taken in the said burglaries *were at the Gumaro Garza Sr. residence* located at 708 River St., Ontario, Oregon, and being more particularly described as being a basement home:

"(1) One (1) Cluricon stereo tape deck and turntable, serial # 2Z923755;

"(2) One (1) 22 Cal. Ithaca rifle, serial # 113096;

"(3) One (1) vase with a bead design, the said vase being purple in color.

"3. That in connection with such investigation, on January 29th, 1974, I took a taped statement from Oscar Ramirez regarding the said burglaries, and he stated that he had knowledge that Pete Vega, Nick Salazar, and Gumaro Garza had committed the said burglaries.

"4. That items taken in the said burglaries have been recovered in the Vega residence upon a prior search warrant and in the Salazar residence through the voluntary turning over of such items by the said Nick Salazar.

"5. That your affiant has probable cause that the above-described items as well as other items of the said burglaries remaining undiscovered may be in the Gumaro Garza Sr. residence located at 708 River St., Ontario, Oregon." (Emphasis supplied.)

According to paragraph one of the affidavit, two burglaries occurred on November 11, 1973. Paragraph two implies that on February 4, 1974, 85 days after the burglaries, Nick Salazar admitted participating in the burglaries. Paragraph two then indicates that Salazar named defendant as an accomplice and that Salazar stated that certain items taken in the burglaries "were at the Gumaro Garza Sr. residence." Paragraph three recites information further implicating defendant in the burglaries but provides no information regarding the location of stolen items. Paragraph four recites information which strengthens the reliability of, but adds nothing to, the information in paragraphs two and three. Paragraph five is conclusory.

In summary, the affidavit implies that Salazar admitted participating in two burglaries with the accused 85 days before, states that Salazar named defendant as an accomplice, and reports that Salazar stated that certain items "were" at the Garza residence.

■ A court should not invalidate a warrant by interpreting an affidavit in a hypertechnical rather than a commonsense manner. *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L Ed 2d 684 (1965); *State v. McDonald,* 253 Or 533, 456 P2d 80 (1969). A commonsense interpretation of the affidavit in this case may allow for the inference that Salazar admitted his own participation in the two burglaries. A commonsense interpretation may also allow the inference that the reference to Salazar's stating that the items "were" in the Garza residence was merely an inaccuracy in grammatical usage in reporting a past conversation. Thus, one might infer that Salazar said the items "are" in the Garza residence at the time he made his statement.

■ Yet a common-sense reading of the affidavit can-

not supply information which is not presented. The affidavit fails to state any basis for Salazar's belief that the stolen items were (or are) in the Garza residence. There is no information regarding when Salazar has been at the Garza residence in the 85 days since the date of the burglaries, if ever, or whether Salazar has even seen the stolen items since the burglaries.

Even if the affidavit were read as implying that some of the stolen items were taken to the Garza residence, the 85 days which passed between the date of the burglaries and the making of the affidavit is too great a lapse of time, without additional information, to support an inference that the stolen items were still at the Garza residence. Defendants alleged "accomplice" status does not make up for this deficiency, nor does Salazar's unspecific statement that the stolen items "were" in the Garza residence.

■ Searches pursuant to warrants are to be encouraged and courts will resolve marginal cases in favor of holding the warrants valid. *State v. Ingram,* 251 Or 324, 445 P2d 503 (1968). Just as in *Ingram,* however, the affidavit in this case is not within the margin of acceptable standards for establishing probable cause.

Because of our determination that the affidavit did not establish probable cause to search the Garza residence, we do not reach defendant's further contention that the circuit court erred in denying his motion to controvert the affidavit.

Reversed and remanded for a new trial.

FORT, J., dissenting.

Examination of the affidavit here in my opinion is sufficient, reasonably interpreted, to support the issuance of the search warrant. The majority empha-

sizes 85 days as elapsing between the date of the burglaries and the issuance of the warrant on February 4, 1974.

The affidavit, also made on February 4, however, states that Nick Salazar was not taken into custody until February 4 "and charged with the above-noted burglaries * * *." By reasonable inference it states that he then gave a taped statement which must therefore have been not earlier than February 4. The affidavit continues:

> "* * * In addition, the said Nick Salazar stated that the following items taken in the said burglaries were at the Gumaro Garza Sr. residence located at 708 River St., Ontario, Oregon, and being more particularly described as being a basement home:
>
> "* * * * *."

To me it is a reasonable inference upon which to conclude that Salazar meant that *at the time the taped statement was given* the described items "were at the Gumaro Garza Sr. residence." Thus under the rule of *State v. Ingram*, 251 Or 324, 445 P2d 503 (1968), the affidavit taken by its four corners was sufficient to establish probable cause for issuance of the warrant. Accordingly, I dissent.