SCHWAB, C. J.
Defendant was found guilty of violating ORS 167.207 (criminal activity in drugs), and ORS 166.270 (ex-convict in possession of a firearm). On appeal, defendant first assigns as error the refusal of the trial court to grant his motion to suppress evidence seized during a search of his residence for stolen goods conducted pursuant to a search warrant. While executing the warrant, police discovered a quantity of marihuana and a firearm which led to this prosecution.
Defendant asserts that the facts set forth in the affidavit for the search warrant failed to establish probable cause that stolen goods were at his residence at the time the search was conducted on May 4,1976, because of the time which had elapsed from the date of the observations contained in the affidavit. The pertinent part of the affidavit reads as follows:
"* * * On May 2nd, 1976, I recovered * * * Sony model TC350 reel to reel tape deck from ERIC PRESLEY at his residence on NE 17th Avenue. During interrogation of PRESLEY, he admitted his involvement in the burglary and stated that on or about March 22,1976 he had transported stolen items from this burglary to include the Benjamin Miracord turntable and the Pioneer amplifier, to a residence on NE 13th Avenue, just south of NE Alberta Street and had sold these items to a subject known to him as 'HENRY’ who resides at that address. PRESLEY stated that 'HENRY’ told him he was going to use the items for himself and plugged the amplifier into an electrical outlet of the residence, thereby converting it to his own use. PRESLEY further stated that 'HENRY’ operates a green Ford Thunderbird which he normally parks in the driveway of his residence * * *
"I have talked with Officer Larry Grant of North Precinct who stated he had driven by a residence on NE 13th Avenue just south of NE Alberta Street on several occasions and has observed a green 1968 Ford Thunderbird, Oregon license MJM-973 * * * parked in the driveway of the residence. The address of that residence *[138] was 4936 NE 13th Avenue, City of Portland, County of Multnomah, State of Oregon * * *.
"On April 19, 1976, a Search Warrant was obtained for the premises located at 4936 NE 13th Avenue, City of Portland, County of Multnomah, State of Oregon, and an attempt to serve that search warrant was made at 3:45 PM that date. Upon arrival at that location we found the house to be vacant. An unidentified neighbor stated that the occupant, a man named HENRY TAYLOR, had been moving from the residence since approximately April 1, 1976. The neighbor stated that HENRY had completed the move from the residence on April 17, 1976, but had kept the same phone number * * *.
"A check with the Pacific Northwest Bell Telephone Company revealed that the client listed as HENRY CLAY * * * had moved from 4936 NE 13th Avenue to 316 N. Alberta and had retained the same telephone number. On May 4, 1976, I personally drove past the residence located at 316 N. Alberta Street, City of Portland, County of Multnomah, State of Oregon, and observed parked in front of that residence a 1968 Ford Thunderbird, Oregon License MJM-973 * * *.
"Based on the above facts, I believe that secreted within the residence at 316 N. Alberta Street, City of Portland, County of Multnomah, State of Oregon, is the above described property listed as stolen in this case and sold by ERIC PRESLEY to a subject named 'HENRY’ * * * 99
Defendant maintains that the 43 days which elapsed from the alleged observation of the stolen items at 13th Avenue until the execution of the warrant was too great to permit the magistrate to find probable cause that the stolen items were at the Alberta Street residence.
 In discussing the permissible time lapse between the occurrence of the facts recited in an affidavit and the issuance of a search warrant, the Supreme Court has stated:
"No permissible or reasonable time lapse can be specified. Whether the lapse of time is deemed to have *[139] been so long that it reasonably cannot be inferred that contraband is present at the premises will depend on the circumstances * * State v. Ingram, 251 Or 324, 327, 445 P2d 503 (1968).
Where stolen property is concerned, we have required that affidavits accompanying search warrants must indicate that stolen property was probably at the defendant’s residence at the time the warrant was requested. See State v. Garza, 21 Or App 807, 811, 537 P2d 114, Sup Ct review denied (1975); State v. Sagner, 12 Or App 459, 470, 506 P2d 510, Sup Ct review denied (1973). In this case, the affidavit recites that the defendant stated he "was going to use the stolen items for himself’ and "plugged the amplifier into an electrical outlet” at his residence. These statements suggest that the stolen goods would be present at the defendant’s new residence, even 43 days after they had been observed at his old residence, because the defendant intended to keep the goods for his own use. The affidavit thus supported a finding of probable cause to search the defendant’s new residence. State v. Ingram, supra, cited by defendant in support of his contention that there was no probable cause to search, is distinguishable from the factual situation here. Although Ingram involved a 28-day time lapse, the object of the search warrant therein was heroin, an item which is «* * * easily disposable and transportable.” State v. Ingram, supra at 328.
Defendant’s second assignment of error is that the trial court erred in denying his motion to strike the language of the indictment under ORS 166.270 alleging that he had been previously convicted " 'of the felony of Robbery in the First Degree’ ” and replace it with " 'of a felony, punishable by imprisonment for a term exceeding one year.’ ” Defendant also maintains that it was error for the trial court to permit the state to introduce evidence of his prior felony conviction. Both assignments of error are predicated on the fact that defendant offered to stipulate that a Henry Taylor, Jr., had been previously convicted of a felony. *[140] One of the issues raised at trial was whether the person convicted of the prior felony was the defendant in this case. The stipulation offered by the defendant was only proof of the fact that a Henry Taylor, Jr., had been convicted of a prior felony and not that he had been so convicted. The state was not required to accept such a stipulation and was entitled to charge and prove the details of the defendant’s felony conviction.
Affirmed.