Argued and submitted October 9, 1990, decision of the Court of Appeals reversed; judgments of the circuit court reversed; cases remanded to the circuit court for further proceedings April 8, 1993

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## FLOYD LEE CARTER,
*Petitioner on Review.*

(CC 87030467; CA A47434 (Control))

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## ALICE MARLENE GRANT,
*Petitioner on Review.*

(CA A47437; SC S37304)
(Cases Consolidated)
848 P2d 599

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause and filed the petition for petitioners on review. With her on the petition was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent on review.

FADELEY, J.

Van Hoomissen, J., specially concurred and filed an opinion in which Gillette and Unis, JJ., joined.

## FADELEY, J.

In this search and seizure case, the issue is whether an officer's affidavit reporting on a warrantless police observation of the interior of a residence alleges particular facts sufficient to establish the probable cause required before a search warrant may be issued. The officer swore that he saw green plants when he looked through the windows into defendants' house. He swore that the color was "consistent with" marijuana. He also swore that, when he looked again with binoculars,[1] color and a plant stem were "consistent with" marijuana. He also swore that he was both trained and experienced in visual identification of growing marijuana. The officer's affidavit stated: "During the last two (2) years I made at least eleven (11) aerial observations of *what I stated was growing marijuana.* On each occasion recovery on the ground confirmed my aerial sighting." (Emphasis added.) But the officer's affidavit did not state that the green plants that he saw in this case were marijuana or that he believed them to be.

ORS 133.545 provides in part:

"(3) Application for a search warrant may be made only by a district attorney or by any police officer.

"(4) The application * * * shall be supported by one or more affidavits *particularly setting forth the facts* and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched." (Emphasis added.)

ORS 133.555(2) provides:

"*If the judge finds* that the application meets the requirements of ORS 133.535 and *that, on the basis of the record made before the judge, there is probable cause to believe that the search will discover things specified in the application and subject to seizure under ORS 133.535,* the judge shall

---

[1] The court originally accepted review in this case to examine the effect of the use of vision enhancement in making the observation. This case is decided instead on the issue of statutory sufficiency of an affidavit to establish probable cause. As in *State v. Ainsworth,* 310 Or 613, 618 n 5, 801 P2d 749 (1990), "[w]e do not address the situation where police officers, from a lawful vantage point, make observations with equipment that enhances their perceptual capabilities." *See, e.g.,* Wingo, *A 2020 Vision of Visual Surveillance and the Fourth Amendment,* 71 Or L Rev 1 (1992); Note, *Telescopes, Binoculars, and the Fourth Amendment,* 67 Cornell L Rev 379 (1982).

issue a search warrant based on the finding of the judge and in accordance with the requirements of ORS 133.545 to 133.615. *If the judge does not so find, the judge shall deny the application.*" (Emphasis added.)

The statute requires that the judge must find that "there is probable cause to believe that the search will discover things specified in the application." ORS 133.555(2).[2]

ORS 133.535 provides:

"The following are subject to search and seizure under ORS 133.525 to 133.703:

"(1)   Evidence of or information concerning the commission of a criminal offense;

"(2)   Contraband, the fruits of crime, or things otherwise criminally possessed;

"(3)   Property that has been used, or is possessed for the purpose of being used, to commit or conceal the commission of an offense; and

"(4)   A person for whose arrest there is probable cause or who is unlawfully held in concealment."

On the basis of the officer's affidavit, a magistrate issued a search warrant. Defendants moved to suppress evidence seized pursuant to that warrant. To support that motion, defendants contended that the police observation through the windows constituted an unreasonable search and that, therefore, information gained could not lawfully supply probable cause for the search warrant. Defendants also contended that, in any event, the particular facts alleged in the officer's affidavit did not establish the probable cause to search required to issue the warrant.[3]

---

[2] No statute defines "probable cause" to search or "probable cause" to seize. The Oregon Constitution, Article I, section 9, also leaves "probable cause" undefined. That section in part provides that:

"[N]o warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

[3] Defendant Grant, also present in trial court at the time of Carter's contentions, joined by participation in the motion. The state does not contest whether the motion and ruling on it apply equally to both defendants. The trial court employed a single case number for the criminal charges against both defendants but entered two separate orders relating to denial of the motions to suppress, one naming each defendant.

■     The trial court denied suppression as to each defendant and admitted evidence obtained through use of the warrant. On that evidence, defendants were convicted. The cases were consolidated in the Court of Appeals, which affirmed. *State v. Carter/Grant*, 101 Or App 281, 790 P2d 1152 (1990). We conclude that the officer's affidavit supporting the application for the warrant does not allege sufficient particularized facts to establish probable cause to search as required by statute for a warrant to intrude on defendants' constitutionally protected privacy interests, we reverse.

According to the affidavit, a deputy sheriff received an anonymous tip that he relayed to the affiant, another deputy. The latter deputy did not know or personally speak with the tipster. The tip indicated that marijuana was being grown at defendants' house. After checking defendants' electric-use records, which showed substantially higher than average consumption, the deputy went to an area near defendants' house to investigate the accuracy of the anonymous tip.

The house was located on semi-rural acreage at the end of a quarter-mile, chain-locked driveway. After obtaining permission to be on a neighbor's land, the deputy selected spots on the neighbor's land, near its boundary with defendants' land, where trees and other concealment provided cover for him while he made observations into the windows at the rear and side of defendants' house. The vantage points were 50 to 65 yards from defendants' house. After seeing a green reflection when he looked obliquely at a side window, the deputy changed location somewhat, still within the same range of distances from the house, and looked through another window and sliding-glass door located at the side and rear of the house. He saw something inside that he described in his search warrant affidavit as green in color, "consistent with" the color of marijuana. He looked again, with binoculars, and saw what his affidavit described as a green color and a stem "consistent with" marijuana.

Of pivotal significance in this case, the officer's affidavit established that he was a trained expert in the visual identification of marijuana; but the officer did not state at any

point that the plants he saw were marijuana or that he believed they were marijuana.[4]

The trial court excised the informant's information from consideration, but the court denied the motion to suppress, holding that the remaining information in the officer's affidavit gave the magistrate probable cause to issue a search warrant.[5] The state does not challenge the ruling to excise the "anonymous tip" and agrees on appeal that it cannot be used as any part of the basis for a "probable cause" finding.[6] The state also concedes that the electric-use information in the affidavit is insufficient, standing alone, to provide probable cause to issue the warrant. It relies in addition on the visual observations to establish probable cause. Defendants argue in response that the particular facts set forth in the affidavit did not establish a sufficiently strong basis to believe that the green plants in the house were marijuana in order to establish probable cause, given that the officer's affidavit did not state either that the green house plants he saw were marijuana or that they even were believed by him to be marijuana.

In *State v. Villagran*, 294 Or 404, 408, 657 P2d 1223 (1983), this court stated, concerning affidavits for search warrants:

> "We are to construe the supporting affidavit in a common sense and realistic fashion. *State v. Tacker*, 241 Or 597, 601, 407 P2d 851 (1965), quoting from *United States v. Ventresca*, 380 US 102, 108, 85 S Ct 741, 13 L Ed 2d 684 (1965)."

---

[4] When a team of officers executed the search warrant, they found green houseplants, not marijuana, in the living areas where the deputy had looked. The officers seized evidence from windowless areas in the basement of the house where marijuana plants were being grown under artificial lights.

[5] Defendants argued in support of the motions to suppress that warrantless observations made into the area of privacy, by looking into the home through the windows on the side of the dwelling facing away from any public scrutiny, constituted a search proscribed by Article I, section 9. Defendant Carter also contended that the pre-warrant penetration into the dwelling with the use of visual enhancement by $7 \times 35$ binoculars (which gave the officer the same view as he would have had as a trespasser, looking with the unaided eye from a distance of 20 to 25 feet from the window) was an unconstitutional search of the interior of the dwelling. Because of the disposition that we make of this case, we do not reach those contentions.

[6] Nothing in the affidavit in this case speaks to reliability of the informant, as is required by ORS 133.703(1)(b), where, as here, an affidavit is also contested under ORS 133.693. *See State v. Coffey*, 309 Or 342, 788 P2d 424 (1990) (requiring a showing in affidavit of reliability of confidential informant).

In *State v. Anspach*, 298 Or 375, 380-82, 692 P2d 602 (1984), concerning probable cause, the court explained:

> "The probable cause requirement means that the facts upon which the warrant is premised *must* lead a reasonable person to believe that *seizable things will probably be found* in the location to be searched.
>
> "'* * * * *
>
> "Here, the affidavit stated that the officers observed marijuana while flying over the premises. Discovery of the growing plants [specifically identified as marijuana under oath] would give the magistrate a basis to draw a reasonable inference that they were placed there and cultivated through human design. * * * These facts establish the level of belief required to show probable cause to connect the marijuana crop with the residents of the house." (Emphasis added.)

■    The requirement that the facts in the affidavit must lead a reasonable person to believe that seizable items will be found logically allows the magistrate to make "inferences which reasonably arise from the facts." *State v. Ingram*, 251 Or 324, 326, 445 P2d 503 (1968). But particular facts must be alleged that provide a basis for such inferences. Mere suspicions, entertained without the presence of particular facts to support them, do not establish probable cause to search. In reviewing an affidavit to determine whether it alleges particular facts that would lead a "reasonable person to believe that seizable things will be found," *State v. Anspach, supra*, 298 Or at 381, a suspicion is not enough to support a search warrant.

With those principles in mind, we examine the question whether the officer's statements of what he observed through the window would "lead a reasonable person to believe that seizable things will probably be found in the location to be searched," *i.e.*, whether the magistrate could have reasonably concluded under the requirements of the statutes and our cases, and from the facts alleged in the affidavit, that the green plant the officer saw by looking through the window of the residence was marijuana.

The officer did *not* swear that he could or did identify the green plants observed as marijuana, or that he believed the plants to be marijuana. His affidavit does not state, as a particular fact, that the color and stem shape were somehow

unique to marijuana, as compared to other plants. He simply swore that the color was "consistent with" marijuana and that, when he looked with binoculars, both color and stem were "consistent with" it.

■     Omissions are of significance when evaluating an affidavit for a warrant. *See State v. Harp*, 299 Or 1, 697 P2d 548 (1985) (omission of fact that there was a 3/8-mile distance between marijuana and residence, affects inferences that may be drawn from warrant). Here the affidavit omitted any conclusion drawn as to the nature of the green plant observed or whether affiant, as a person trained and experienced in identifying marijuana visually, drew any conclusion. The affidavit included no information as to why commonplace observation of a green plant in a residence window would support a finding, or probable cause to believe that the plant the observer saw was marijuana. It is not a particular fact causing one to believe that the seizable thing is there. Those comments are not a criticism of what the officer put in his affidavit. Rather, simply stated, what the affidavit included was not enough, because it did not state that the plant observed was, or was believed to be, marijuana.

A fact that merely supports an inference that some other fact is possible — as one among the range of many other and different possibilities — does not support an inference that any specific one of the possible facts is itself probable. Probable cause is necessary to support a warrant, not merely one possibility, among many. The information alleged is sufficient to support a conclusion that defendants had a green plant or plants in their house, but not that any plant probably was marijuana.[7]

---

[7] This is in contrast to the situation in *State v. Lichty*, 313 Or 579, 585, 835 P2d 904 (1992), where this court stated that, when an informant said she saw a bag of coke, "she was saying that she saw a transparent bag, small enough to be put in a wallet, that contained a white powdery substance." The innocent explanations for carrying around in one's wallet a transparent small bag of white powder are not likely ones, unlike the ubiquitous nature of green houseplants. Moreover, the informant did state her factual conclusion identifying directly that what she saw was the exact illegal substance, leaving only the question whether she was competent to identify it. In the present case, the officer's affidavit establishes his competence to identify a marijuana plant and his successful past experiences identifying that plant, but, nonetheless, he did *not* make any identification whatever in the affidavit in this case.

■    The only other fact in the affidavit to support probable cause is high electric power use. Although a marijuana-growing operation is one possible explanation for high utility bills, it is not, when standing alone, a probable one as the state concedes. Nor does observation of a green plant inside a window of a residence with above-average electrical usage make it probable that the plant observed is marijuana or that the excessive usage results from growing marijuana. High electric power use plus green plants in a house (which an experienced officer's affidavit does not identify as marijuana or state that he believes them to be marijuana) does not constitute probable cause to search under the statute requiring probable cause.

We hold that the affidavit did not establish statutorily required probable cause to issue a warrant. Thus, no valid warrant supported the search, the search without a valid warrant was an unauthorized one under ORS 133.555(2) and 133.585, and the evidence seized in the search was seized unlawfully and may not be used to convict. The motion to suppress under ORS 133.673 should have been granted. The evidence seized must be suppressed. Because of this holding, it is unnecessary for us to decide whether the observations through the windows constituted an unreasonable search.

The decision of the Court of Appeals is reversed. The judgments of the circuit court are reversed. The cases are remanded to the circuit court for further proceedings.

**VAN HOOMISSEN, J.,** specially concurring.

I join in the result announced by the majority.

This court allowed review in this case to consider whether the affiant's use of binoculars constitutes an unlawful search under Article I, section 9, of the Oregon Constitution, and the Fourth Amendment. The court unanimously concludes that, even with the information obtained by the use of the binoculars, the affidavit did not establish probable cause to believe that there was evidence of criminal activity in defendants' home. Therefore, the court does not reach the question that prompted us to allow review. Accordingly, it would be entirely appropriate for this court to dismiss review

in this case as having been improvidently allowed. The majority believes otherwise, however, and so I write separately to note another aspect of this case that troubles me.

The affiant's assertion that he saw a "green reflection" in the window, a large amount of "green foliage" covering the window, and that the color of what he saw was "consistent with" marijuana is, to say the least, troublesome. After looking with 7 × 35 binoculars, the affiant could swear only that he observed "a stem consistent in color and shape with that of a marijuana plant." In the context of this case and considering the averments in the affidavit about the affiant's expertise in recognizing marijuana, I believe that a reasonable person well might conclude that the affiant was only guessing about what he saw. That is not enough to provide probable cause to search someone's home. Although an affiant need not be infallible, an affiant must be forthcoming. In this case, I believe that, at a minimum, the affiant had to state something to the effect that "based on my education, training, and experience (described elsewhere in this affidavit), I believe that what I saw was marijuana." The affiant in this case did not do that.

Gillette and Unis, JJ., join in this opinion.