Argued and submitted December 13, 1993, reversed and remanded for new trial
May 4, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# MANUEL CORPUS-RUIZ,
*Appellant.*

## (92C-20861; CA A78753)

874 P2d 90

Constance Crooker argued the cause for appellant. With her on the brief was Zan Tewksbury.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

RIGGS, J.

---

* Haselton, J., *vice* Durham, J.

## RIGGS, J.

Defendant appeals his convictions for manufacture of a controlled substance, ORS 475.992, and endangering the welfare of a minor, ORS 163.575.[1] He contends that the trial court erred in denying his motion to suppress evidence seized from his house and garage during the execution of a search warrant. We reverse.

This case arose in the context of the surveillance of a number of suspected cocaine and heroin dealers in northeast Salem. The investigation focused on "Michael," who lived on Hayesville Drive, and "Gomer," who lived at 4463 Dover Avenue. The affidavit in support of the warrant was 25 pages long and described alleged drug activity involving eight different people at six different houses over a 45-day period. Controlled purchases of drugs were made from both Michael and Gomer. Defendant lived at 4452 Dover Avenue, across the street from Gomer. The houses of defendant and Gomer were under surveillance the week before the search warrant was issued.

The affidavit contains three references to defendant. The source for the first reference is the surveillance team watching Gomer's house.

> "[After leaving Gomer's house following an apparent drug deal,] Michael then went to an address across the street from the other Dover residence. Michael was observed talking to someone outside and then went inside the residence with the person he was talking to. Michael remained there for a substantial period of time and then left. This address was later identified as 4452 Dover Avenue, NE, Salem, Marion County, Oregon."

The source of the second reference was an informant whose reliability is not challenged on appeal:

> "CRI #2 told Detective Mark Peterson that CRI #2 observed 'Gomer' go into the house located at 4452 Dover Avenue, NE within the past six (6) months. CRI #2 said 'Gomer' returned to his house at 4463 and CRI #2 observed his eyes were glassy with pin-pointed pupils and was unsteady on his feet. According to CRI #2 'Gomer' said he

---

[1] The conviction for endangering the welfare of a minor was based on his allegedly permitting a minor to be on the premises where marijuana was grown.

had just done heroin. CRI #2 knew 'Gomer' had not used heroin prior to going to the house at 4452 Dover Ave., NE."

The source of the third reference is the surveillance team:

"The silver Plymouth TC3 (License DNM 114) [a car apparently used by Michael in his alleged drug activities] then left [the house of another drug suspect] and went to Dover Ave. NE., stopping at a house that is located at 4452 Dover Ave, NE, Salem, Marion County, Oregon. This vehicle remained for some time at that location * * *."

Based on those three references, the trial court found that there was probable cause to search defendant's house for evidence pertaining to the distribution of controlled substances. When the search warrant was executed, the police found evidence of a marijuana grow operation.

■ We read affidavits supporting search warrants in a common sense, nontechnical manner, looking at the facts recited and the reasonable inferences that can be drawn from those facts. *State v. Villagran*, 294 Or 404, 657 P2d 1223 (1983). The facts on which a warrant is based "must lead a reasonable person to believe that seizable things will probably be found in the location to be searched." *State v. Anspach*, 298 Or 375, 380-81, 692 P2d 602 (1984). We resolve doubtful or marginal cases in accordance with the preference for warranted searches. *State v. Gale/Rowden*, 105 Or App 489, 496, 805 P2d 158, *rev den* 311 Or 427 (1991). However, mere suspicions do not establish probable cause to search. *State v. Carter/Grant*, 316 Or 6, 12, 848 P2d 599 (1993).

■ On balance, the three references to defendant's house do not support probable cause to issue a search warrant. The reference to Michael entering defendant's house is relevant, but, in context, it does not have much weight. First, the man who spoke with Michael is not identified in any way. Second, although Michael had been under surveillance for 45 days and the house across the street had been under surveillance for a week, contact between defendant's house and Michael was observed only once.

■ The reference to Gomer returning from 4452 Dover Avenue under the influence of heroin leads to a reasonable

inference that Gomer obtained heroin there.[2] However, six months had passed between the time that Gomer apparently obtained or used heroin at the house and the time that the magistrate issued the search warrant. Whether the passage of times makes a fact "stale" depends on the character of the crime and the thing to be seized. *State v. Young*, 108 Or App 196, 204, 816 P2d 612 (1991), *rev den* 314 Or 392 (1992). Here, the nature of the crime, a single alleged instance of heroin being provided, contributes to the staleness of the information after six months. Also contributing to the staleness is the nature of the thing to be seized. Heroin is a substance that has a relatively long shelf life, but can be consumed in a short period of time and is easily moved. Under these facts, the account of Gomer's visit to 4452 Dover Avenue is stale and, accordingly, its probative value must be discounted.

The reference to Michael's car stopping at defendant's house is vague in this context. We cannot tell whether Michael's car parked in front of defendant's house because that parking spot was near Gomer's house, or if the occupant of the car visited defendant's house. The vagueness of the car stopping in this context forces a magistrate to make two consecutive inferential leaps: first, that Michael met with someone at defendant's house and second, that the meeting was drug-related. In context, the reference to the car stopping was too vague to be relevant.

The facts recited by the affidavit in this case would not lead a reasonable magistrate to believe that evidence of drug distribution would *probably* be found at defendant's house. *State v. Anspach, supra*, 298 Or at 380-81. The court erred by denying the motion to dismiss.

Reversed and remanded for a new trial.

---

[2] We note that the affidavit presents no evidence that defendant was living at 4452 Dover Avenue at the time Gomer allegedly visited that address and returned with glassy eyes. That omission further weakens the inference that defendant was connected to the activity under surveillance.