Submitted June 17, affirmed October 20, 2010, petition for review denied February 17, 2011 (349 Or 655)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES ANTHONY TROPEANO,
*Defendant-Appellant.*

Curry County Circuit Court
07CR0887; A138675

241 P3d 1184

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Harry B. Wilson, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals his convictions on four counts of first-degree encouraging child sexual abuse and three counts of second-degree encouraging child sexual abuse. Although defendant makes several assignments of error, we write only to address his argument that the trial court erred in denying his motion to suppress evidence obtained as a result of the execution of a search warrant, and we affirm.

Officer Hensley swore in an affidavit that, among other things, defendant was a registered sex offender who previously had been convicted of possession of child pornography and had recently told a sheriff's deputy that he subscribed to a pornographic magazine from Denmark, a country that permitted child pornography, but that the photographs depicted only people of legal age. Based on that affidavit, a magistrate issued a search warrant for defendant's hotel room. During the ensuing search, officers seized a laptop computer that was later found to contain depictions of child pornography. Before trial, defendant moved to suppress the evidence obtained from the search on the ground that the officer's affidavit was insufficient to establish probable cause to believe that evidence of a crime would be found in defendant's hotel room. The trial court denied the motion to suppress, and a jury convicted defendant of the charged offenses.

■  On appeal, defendant renews his argument that the affidavit was insufficient to establish probable cause. In particular, defendant argues that his statement to a sheriff's deputy that he received a pornographic magazine from Denmark supported only one inference of guilt among many other possible innocent inferences.

A judge may issue a search warrant if, after reviewing an application and supporting affidavit, the judge finds that "there is probable cause to believe that the search will discover things specified in the application and subject to seizure." ORS 133.555(2); *see also* Or Const, Art I, § 9.[1] "Probable cause" is a more rigorous standard than mere suspicion;

---

[1] Article I, section 9, provides, in part, that "no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

even a well-warranted suspicion does not suffice, because "a suspicion, no matter how well founded, does not rise to the level of probable cause." *State v. Verdine*, 290 Or 553, 557, 624 P2d 580 (1981). At the same time, "there is a vast difference between proof of probable cause and proof of guilt[.]" *State v. Tacker*, 241 Or 597, 600, 407 P2d 851 (1965).

To determine probable cause, the judge may rely on facts asserted in the affidavit as well as reasonable inferences to be drawn from them. *State v. Anspach*, 298 Or 375, 381, 692 P2d 602 (1984); *State v. Howell*, 93 Or App 551, 557, 763 P2d 179 (1988), *rev den*, 307 Or 405 (1989). In reviewing a judge's determination that a warrant is supported by probable cause, we examine the information in the supporting affidavit in a "commonsense and realistic fashion." *State v. Villagran*, 294 Or 404, 408, 657 P2d 1223 (1983). Doubtful cases should be resolved in favor of allowing the warrant. *Tacker*, 241 Or at 602 (quoting *United States v. Ventresca*, 380 US 102, 109, 85 S Ct 741, 13 L Ed 2d 684 (1965)).

The Supreme Court said in *State v. Carter / Grant*, 316 Or 6, 13, 848 P2d 599 (1993):

"A fact that merely supports an inference that some other fact is possible—as one among the range of many other and different possibilities—does not support an inference that any specific one of the possible facts is itself probable. Probable cause is necessary to support a warrant, not merely one possibility, among many[.]"

Defendant argues that that principle is controlling here. He reasons that equally available inferences include that the pornography that he ordered depicted only adults or, because the term "pornography" is itself vague, that the people involved could have been "partially unclothed."

If the affidavit contained nothing else, defendant's point might be more persuasive. However, there was more. First, defendant was a registered sex offender, having previously been convicted of possession of child pornography. *See State v. Westfall*, 178 Or App 343, 350-51, 37 P3d 1030, *rev den*, 333 Or 595 (2001) (holding that a defendant's prior conviction for possession of a controlled substance and felon in possession of a firearm helped support probable cause to search his motel room for evidence of burglary). Second, the

fact that, among all the places from which defendant could have obtained pornography, he had acquired it from a country where child pornography purportedly can be legally obtained, is telling. Third, the officer knew that defendant had a laptop computer in his room from which, based on his training and experience in investigating sex offenses involving pornography, the officer knew that defendant could obtain access to pornographic materials. Finally, the fact that defendant had forbidden hotel cleaning staff to enter his room without at least 15 minutes' notice, because, defendant said, he needed to clean up first, gave rise to the inference that defendant had something to hide.

■ The task of a reviewing court is to determine whether an issuing magistrate reasonably could have concluded from the facts and circumstances set out in the supporting affidavit that the objects of the search probably are in the places, or in the possession of the individuals, to be searched. *See State v. Pelster/Boyer*, 172 Or App 596, 609, 21 P3d 106, *rev den*, 332 Or 632 (2001) (reviewing court erred by refusing to draw an inference when the inference was available and reasonable from the affidavit). "The fact that the information in the affidavit may reasonably give rise to *other* inferences does not mean that the affidavit is insufficient." *State v. Wheelon*, 137 Or App 63, 72, 903 P2d 399 (1995), *rev den*, 327 Or 123 (1998) (emphasis in original); *see also State v. Donahue*, 93 Or App 341, 347, 762 P2d 1022 (1988), *rev den*, 307 Or 303 (1989) (explaining that "probable cause may exist even if there are other equally plausible inferences from the stated facts"). In this case, those principles are dispositive. Despite the existence of alternative, possible innocent explanations for defendant's conduct, the issuing magistrate reasonably could have concluded from the affidavit as a whole that evidence of child pornography probably would be found in defendant's hotel room. Accordingly, the trial court did not err in denying defendant's motion to suppress.[2]

Affirmed.

---

[2] We reject defendant's remaining arguments without discussion.