Argued and submitted May 3, affirmed October 2, 2019

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

DAVID LEE CANNON,
*Defendant-Respondent.*

Lincoln County Circuit Court
18CR08044; A168112

450 P3d 567

The state appeals from a pretrial order granting defendant's motion to suppress seven images of child pornography found on defendant's cell phone during a forensic examination of various electronic devices authorized by a search warrant. The trial court determined that the warrant, which permitted the search of any cell phone, computer, or other device capable of storing electronic data, was overbroad, and thus invalid. On appeal, the state argues that the warrant was not overbroad because the totality of the circumstances alleged in the supporting affidavit gave rise to probable cause to search any of defendant's electronic devices that were identified in the warrant. *Held*: The trial court did not err. Although the facts in the affidavit justified a suspicion that defendant possessed child pornography, the affidavit did not provide a factual basis from which a reasonable magistrate could conclude that it was probable that evidence would be found on every electronic device that the warrant authorized to be searched. Because the warrant permitted a search broader than was supported by probable cause, the warrant was overbroad in violation of Article I, section 9, of the Oregon Constitution, and the trial court properly granted defendant's motion to suppress.

Affirmed.

Thomas O. Branford, Judge.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Laura A. Frikert, Deputy Public Defender, argued the cause for respondent. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

The state appeals a pretrial order granting defendant's motion to suppress evidence. ORS 138.045(1)(d). Defendant was charged with 16 counts of first- and second-degree encouraging child sexual abuse. ORS 163.684; ORS 163.686. The charges stemmed from seven images found on defendant's cell phone and one image discovered on defendant's laptop computer in the course of a forensic examination of those devices authorized by a search warrant. Defendant moved to suppress the images discovered on his cell phone, arguing that the warrant was invalid because it was overbroad and not supported by probable cause.[1] The trial court granted defendant's motion.

In a written opinion, the trial court ruled that the search warrant was overbroad because it permitted a search of "any" cell phone, computer, or other device capable of storing electronic data owned or possessed by defendant, when the facts averred in the supporting affidavit established probable cause to search only one cell phone. The court also ruled that the overbroad portions of the warrant could not be severed. The state appeals, assigning error to the trial court's grant of defendant's motion to suppress, contending that the warrant was not overbroad. Defendant cross-assigns error to the trial court's failure to grant his motion to suppress on the ground that probable cause did not exist for any of defendant's devices, including his cell phone. Because we conclude that the trial court did not err in ruling that the search warrant was overbroad and suppressing the evidence on that basis, we affirm on the state's appeal and do not need to address defendant's cross-assignment of error, which offers a different path to affirming the suppression of the same evidence.

In reviewing whether a search warrant was supported by probable cause, we consider only those facts put before the magistrate in the supporting affidavit, along with reasonable inferences that can be drawn from them. *State v. Williams*, 270 Or App 721, 722, 349 P3d 616 (2015);

---

[1] Defendant did not move to suppress the image found on his laptop computer. Defendant conceded that, when the image was found, he no longer had a privacy interest in the computer.

*State v. Ramirez*, 223 Or App 241, 244, 195 P3d 460 (2008). The following facts are taken from the affidavit of Detective Cummings of the Newport Police Department in support of his application for a search warrant to search defendant's car for, and to forensically analyze, among other things, (1) "any" cell phones determined to belong to defendant, (2) "all" computers, including laptops, tablets, iPads, or iPods, and (3) "any and all" hard drives, gaming systems, flash drives, thumb drives, USB drives, SD cards, micro SD cards, CDs, DVDs, or any other similar devices that store electronic data for evidence related to the crimes of first-degree possession of materials depicting sexually explicit conduct of a child (ORS 163.688) and second-degree encouraging child sexual abuse (ORS 163.686).

Cummings averred that he had been contacted by another Newport police officer, Davis, after "lewd" images of children were found on a blue Hewlett Packard (HP) laptop that defendant had purchased from a pawn shop, retained for approximately two weeks, and then sold back to the same pawn shop. Employees of the pawn shop contacted police when they found the images on the laptop while cleaning it for resale. The images included several naked photos of defendant, a photo of a four- or five-year-old naked female child in a plastic kiddie pool, a photo of a clothed female child "lying down in a very 'provocative' pose," and multiple images that were password protected. Defendant had purchased the computer from the pawn shop on July 13, 2017, and he had sold it back to the same pawn shop on July 27, 2017. One of the employees confirmed that he was "absolutely positive" that the computer had been "wiped clean" and restored to its original factory settings before being sold to defendant. The employee confirmed that the serial number of the computer sold to defendant on July 13 was the same as the number on the computer sold back by defendant on July 27. Davis seized the HP laptop and secured it in an evidence locker at the Newport Police Department.

Cummings also averred that, approximately one week before the images were discovered on the laptop, on July 22, 2017, Davis had been dispatched to a Walmart store on a suspicious person complaint. The complaint was that a man was dressed as a Walmart employee and "hanging

around in the store where children congregate and taking photographs of children." Davis believed that the suspect was "possibly" using a cell phone to take the photos. When Davis arrived at Walmart, he found defendant dressed in clothing that made him look like a Walmart employee, although defendant did not work at Walmart. Davis did not arrest defendant at that time but instructed defendant to contact his parole officer.

After learning the above information from Davis, Cummings reviewed defendant's criminal history. Defendant had been convicted in 2009 of first-degree sexual abuse and second- and third-degree encouraging child sexual abuse. Cummings discovered that defendant is a registered sex offender who was on parole. Cummings contacted defendant's parole officer, Morgan, who told Cummings that defendant, as a condition of his parole, was not allowed to own or possess any electronic devices that are capable of connecting to the internet. Cummings learned that Morgan had arrested defendant on July 31, 2017, for violating that condition by owning and/or possessing the HP laptop. When Morgan arrested defendant, defendant admitted to Morgan that he had a Samsung smart phone inside his vehicle. Defendant's vehicle was parked in the parking lot of the parole office. Morgan told Cummings that he was familiar with the particular model of Samsung phone that defendant had admitted to owning and that the phone was capable of connecting to the internet.

In addition to the above, Cummings's affidavit contained a lengthy description of habits and behaviors that, in his training and experience, are commonly associated with individuals who possess child pornography. For instance, Cummings averred that "people who are sexually attracted to children will often obtain sexually explicit images of children from the internet and store these images on their computer or other digital storage device." He also averred that "it is more common than not for persons involved in possession and/or distribution of child pornography to use mobile devices, such as cell phones, laptop computers, or tablet computers to share or receive their pornographic material," and that such persons will "more often than not keep their pornographic material saved on their smart cell phones,

computers, laptops, tablet computers, thumb drive, SD cards, *or any other mobile devices they have* for easy access to." (Emphasis added.)

Cummings's affidavit was submitted along with a search warrant application. The application sought authorization to search defendant's car and to seize, among other things:

"4.01    All computers, to include laptops, tablets, IPads, IPods found inside the Vehicle as described above.

"4.02    Any cell phones that, during analysis authorized by a search warrant, are determined to belong to [defendant].

"4.03    Any and all hard drives, gaming systems, flash drives, thumb drives, USB drives, SD cards, micro SD cards, Compact Disks [*sic*], DVDs or other similar devices that store electronic data that is found inside the vehicle listed above."

The warrant further authorized police to forensically examine the above listed items

"for all forms of evidence related to the charges listed at the beginning of this Affidavit, including but not limited to photo images, video images, audio files, text messages, emails, instant messages, chat logs, call logs, web browser history, Social media profiles, File sharing web sites or programs in which child abuse images can be uploaded, downloaded and stored between July 13, 2017 and July 27, 2017."

A magistrate approved the search warrant.

In the course of the ensuing search of defendant's car, police seized two Samsung smart phones, a Gateway laptop, and an unidentified electronic device later determined to be a gaming system. The gaming system was never analyzed. The Gateway laptop was analyzed, and no evidence was discovered. One of the cell phones, a Samsung Galaxy J-3 model, was analyzed, and no evidence was discovered. The other cell phone, a Samsung Galaxy AMP Prime model, was analyzed, and seven images of child pornography were discovered on it. The HP laptop, which was already in police custody, was also searched pursuant to the search warrant, and one image of child pornography was discovered on it.

Based on the eight images found on the Prime phone and the HP laptop, defendant was charged with eight counts of first-degree encouraging child sexual abuse and eight counts of second-degree encouraging child sexual abuse. Defendant moved to suppress the seven images found on the Prime phone.[2] Defendant argued that the search warrant was overbroad in violation of Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. Defendant argued that the affidavit did not establish probable cause to search any electronic devices aside from the HP laptop, including any of defendant's cell phones. Accordingly, defendant argued, the warrant was overbroad insofar as it permitted the search and seizure of "any" and "all" cell phones, computers, hard drives, and other similar electronic devices found in defendant's car. The state responded first that the warrant was not overbroad and, in the alternative, to the extent that the warrant was overbroad, that a search of both of defendant's Samsung cell phones was supported by probable cause and that any overbroad provisions in the warrant could be severed.

After hearing testimony from Cummings regarding the execution of the warrant, the trial court issued a written opinion in which it granted defendant's motion to suppress on the ground that the warrant was overbroad. The court concluded that a search of one of defendant's Samsung cell phones was supported by probable cause, based on defendant's prior criminal history, his behavior at Walmart, and the "lewd" images found on the HP laptop. However, the court concluded that the warrant was

"invalid for being overly broad, i.e., for authorizing searches of objects which Cummings did not even know that Defendant owned, possessed, or used during the two-week period. Cummings knew about only one Samsung smart phone; he found two. There is no evidence in the case whether the incriminating images were found on the cell phone which Morgan and Cummings could see from outside

---

[2] In his motion to suppress, defendant identified the images that were the subject of the motion as having been found on the J-3 phone; however, the record indicates—and the trial court found—that the relevant images were found on the Prime phone. We accept that finding.

the Defendant's car * * *.[3] The search warrant did not limit the seizure and search to the one phone for which probable cause existed when the warrant was issued, and the evidence does not inform the Court as to whether the unlawful images came from the one visible Samsung smart phone."

(Internal quotation marks omitted.)

The trial court also noted that our opinion in *State v. Mansor*, 279 Or App 778, 381 P3d 930 (2016), *aff'd*, 363 Or 185, 421 P3d 323 (2018), compared cell phones to houses in terms of the privacy interest at stake. The court reasoned that the warrant here was overbroad in authorizing the search of any and all electronic devices found in the car. The court reasoned that, in that respect, the warrant was similar to a warrant authorizing the search of a residence that police did not know existed:

"Except for the Pawn Shop computer and the Samsung smart phone (the singular, not the plural), Detective Cummings did not know if the Defendant even owned or possessed any of the other items for which he sought authority to seize, search and analyze. It would be similar to a Judge authorizing a search of an identified house in Newport and any other residence which a defendant owned or in which that defendant had a possessory interest, despite the search warrant affiant not knowing about such an additional residence or including it in the affidavit. Assume that the search of the Newport house was lawfully authorized by a search warrant. If the same person owned/possessed a hunting lodge up the Yachats River (and in Lincoln County), and that hunting lodge was not specified in the search warrant but was later discovered by the police after the search warrant was signed, would a search of the alternate Yachats River residence be lawful? Obviously not, because of the requirements of ORS 133.545(6), the federal and state constitutions, and a plethora of appellate case law."

(Emphasis omitted.)

---

[3] The trial court found, based on Cummings's testimony about the execution of the warrant, that one Samsung smart phone was visible when police went to search defendant's car. The court reasoned that there was probable cause to search that phone, but not the second phone that was found during the search of the car. As explained below, 299 Or App at 626-27, the court mistakenly relied on information outside the four corners of the affidavit in making its probable cause determination. However, as further explained below, that reliance is immaterial to our analysis.

In other words, the court ruled that probable cause existed only for the one Samsung cell phone that Cummings knew about before the search and that the warrant was overbroad because it authorized a search of all of defendant's electronic devices, including devices that Cummings's affidavit did not indicate that defendant even owned. The trial court concluded that the overbroad provisions could not be severed from the remainder of the warrant in a way that would allow the search of defendant's cell phone. Thus, the court granted defendant's motion to suppress the seven images from the Prime phone.

The state now appeals that ruling, ORS 138.045 (1)(d), assigning error to the trial court's grant of defendant's motion to suppress. The state argues that the totality of the circumstances alleged in the affidavit gave rise to probable cause to believe that *any* electronic devices in defendant's possession would contain child pornography and, thus, that the search warrant was not overbroad. Specifically, the state argues that the trial court erred in failing to consider both the nature of the crime at issue and Cummings's statements based on his training and experience. In support of that position, the state argues that child pornography investigations are substantively different from the type of investigations in the cases relied on by the trial court, because in a child pornography investigation—or at least in this particular child pornography investigation—the crimes at issue depend on and are committed through the use of electronic devices. *See State v. Burnham*, 287 Or App 661, 403 P3d 466 (2017), *adh'd to as modified on recons*, 289 Or App 783, 412 P3d 1233 (2018) (holding that a warrant for searching multiple electronic devices was overbroad in the context of an illegal hunting investigation); *State v. Friddle*, 281 Or App 130, 381 P3d 979 (2016) (holding that a warrant permitting forensic examination of various devices was overbroad in the context of an assault investigation).

Alternatively, the state argues that, because probable cause existed to search a Samsung smart phone in defendant's car, there was probable cause to search both Samsung phones that were found in defendant's car because both phones matched the description of the device for which probable cause existed, and "police are not limited

to searching only the one most promising place." *See State v. Villagran*, 294 Or 404, 413, 657 P2d 1223 (1983) (holding that police are not limited to searching the "most promising place" if probable cause exists to search other locations). The state, however, does not renew its severability argument made in the trial court—that any overbroad provisions of the warrant are severable and, thus, that the warrant can be read to allow only the search of defendant's Samsung cell phones. Accordingly, we do not address whether a search of only one or both Samsung cell phones was supported by probable cause and can be severed from the overall warrant, but rather we consider whether the warrant as a whole was overbroad.

Defendant raises a number of arguments in response. Primarily, defendant argues that the trial court did not err because no probable cause existed for devices other than the HP laptop and—possibly—a single Samsung cell phone, but the warrant authorized a search of "any" device that police found, without specific reason to believe that defendant possessed those devices or that evidence would be found on them. As explained below, we conclude that the search warrant was overbroad because it authorized a search of devices for which the affidavit did not establish probable cause. In light of that conclusion, we do not address other bases for affirmance proposed by defendant, including defendant's cross-assignment of error that probable cause did not exist to search *any* of defendant's devices, including defendant's Samsung cell phone.

We review a challenge to the validity of a search warrant for legal error. *Burnham*, 287 Or App at 662. Search warrants are presumptively valid, and the defendant bears the burden of proof to establish by a preponderance of the evidence that the warrant was defective. *State v. Harp*, 299 Or 1, 9, 697 P2d 548 (1985); *State v. Van Osdol*, 290 Or App 902, 907-08, 417 P3d 488 (2018).

Article I, section 9, provides, in part, that "no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." The particularity requirement incorporates two distinct concepts:

a requirement that warrants are sufficiently specific and a prohibition against warrants that are overbroad. *Friddle*, 281 Or App at 137. Because defendant does not raise a challenge to the warrant's specificity, our analysis focuses only on the Article I, section 9, prohibition against overbreadth.

We have explained that the gravamen of an overbreadth challenge is "an asserted lack of probable cause for the invasion of interests in privacy in premises or items." *Id*. The probable cause assessment is, in turn, confined by the facts asserted in the warrant application. *Id*.; *see also State v. Mansor*, 363 Or 185, 212, 421 P3d 323 (2018) ("[A warrant] must not authorize a search that is broader than the supporting affidavit supplies probable cause to justify." (Internal quotation marks omitted.)). In assessing the adequacy of those facts, we are confined to the facts asserted within the "four corners" of the affidavit and any reasonable inferences that can be drawn from them. *State v. Sagner*, 12 Or App 459, 469, 506 P2d 510 (1973); *see also State v. Tropeano*, 238 Or App 16, 19, 241 P3d 1184 (2010), *rev den*, 349 Or 655 (2011) ("To determine probable cause, the judge may rely on facts asserted in the affidavit as well as reasonable inferences to be drawn from them."). Statements in the affidavit that are derived from an officer's training and experience may also be considered, *State v. Chamu-Hernandez*, 229 Or App 334, 341, 212 P3d 514, *rev den*, 347 Or 43 (2009); however, the officer's knowledge must be connected to the facts of a particular case and the knowledge itself must be examined, *State v. Daniels*, 234 Or App 533, 541, 228 P3d 695, *rev den*, 349 Or 171 (2010). The affidavit is to be construed in a commonsense, nontechnical, and realistic fashion. *State v. Wilson*, 178 Or App 163, 167, 35 P3d 1111 (2001).

As for the probable cause standard, we have previously explained that

"[p]robable cause exists when the facts, as set forth in the affidavit, along with any reasonable inferences, could permit a neutral and detached magistrate to determine that seizable evidence probably would be found at the place to be searched. The facts of the affidavit must therefore establish a nexus between three things: (1) that a crime has been, or

is currently being, committed, and that (2) evidence of that crime (3) will be found in the place to be searched.

"Whether that nexus has been established by the affidavit is judged by the standard of probable cause, *i.e.*, more likely than not, which is less than a certainty, but more than a mere possibility."

*Van Osdol*, 290 Or App at 907-08 (citations and internal quotation marks omitted). Doubtful or marginal cases are to be resolved in favor of the preference for warrants. *State v. Henderson*, 341 Or 219, 225, 142 P3d 58 (2006).

As noted above, 299 Or App at 623 n 3, the trial court concluded that the facts in the affidavit gave rise to probable cause to search a single Samsung smart phone that was visible from outside of the car when police went to search it. That probable cause determination relied on facts outside the affidavit; in the affidavit, Cummings averred only that he had learned that defendant had a Samsung smart phone and that the phone was in defendant's car. The court mistakenly relied on facts outside the affidavit in making its probable cause determination. *See Sagner*, 12 Or App at 469 (explaining that, in deciding whether a search warrant is supported by probable cause, we are to consider only those facts within the "four corners" of the affidavit).

However, under these circumstances, the trial court's misplaced reliance was immaterial. Whether Cummings knew of a Samsung cell phone because he could see it from outside the car or because defendant's parole officer told him about its existence was irrelevant to the court's analysis. The court ultimately concluded that the warrant was overbroad because it authorized the search of devices for which the affidavit did not provide probable cause. The court also rejected the state's severability argument. On appeal, the state argues that the warrant provided probable cause for the search of all the devices, and it does not renew its severability argument. Thus, the question for us on appeal is whether a reasonable magistrate could have concluded from all of the circumstances set forth in the affidavit that child pornography would probably exist on all of the devices enumerated in the warrant. That is, given the state's arguments on appeal, the trial court's conclusion was correct unless

there was probable cause to search every one of the myr-
iad electronic devices that could have been found and seized
pursuant to the warrant. We agree with the trial court that
the warrant permitted police to search devices for which the
warrant did not provide probable cause. Accordingly, the
court correctly concluded that the warrant was overbroad
and thus invalid.

In two recent cases, we have rejected an argument
similar to the one that the state makes here—namely, that
the probable existence of evidence on one device gives rise to
probable cause to search a broad array of electronic devices.
*See Burnham*, 287 Or App 661; *Friddle*, 281 Or App 130. In
both *Friddle* and *Burnham*, we held that search warrants
were overbroad because they authorized searches of more
devices than were supported by probable cause. We find
those cases to be instructive here.

In *Friddle*, the defendant was suspected of assault-
ing his then-girlfriend, W. 281 Or App at 131. W told police
that the defendant had a home security system that likely
recorded a video of the assault and that the defendant could
access the footage from his cell phone. The defendant also
played the audio of the recording for the officer on his cell
phone. *Id.* at 132. Police sought and obtained a warrant that
authorized them to seize and analyze a broad array of the
defendant's electronic devices. The averring officer stated in
his affidavit that, in his training and experience, "subjects
involved in criminal activity regularly use cellular tele-
phones *** to record and store photos, audio recordings and
video recordings of their crimes." *Id.* at 133. Police executed
the warrant and seized, among other things, 93 grams of
marijuana discovered in a gun safe large enough to store
electronic devices. *Id.* at 134. The defendant was charged
with unlawful possession and moved to suppress the mari-
juana, arguing that the warrant was overbroad because the
affidavit did not establish probable cause that evidence of
the assault would be found on any device other than the
recording system and one cell phone.

The state argued that the basis for probable cause to
search other devices was that the defendant could remotely
access and possibly destroy the video evidence from any

internet-capable device. *Id.* at 136-37. We first determined that the only two possible bases in the affidavit for such an inference were (1) the statement of officer training and experience and (2) the fact that the defendant could access (and had accessed) the audio recording on one cell phone. *Id.* at 139-40. Regarding officer training and experience, we concluded that the affiant's basis of knowledge and the description of the "regular" behavior of criminal suspects was too "generic" to supply anything more than a possibility that evidence would be found on the defendant's other personal electronic devices. *Id.* at 140-41. Then, regarding the defendant's ability to remotely destroy the evidence, we declined to address the state's contention because, among other reasons, it was too great an inferential leap to make from the content of the affidavit. *Id.* at 142. We ultimately concluded that, although the affidavit established probable cause to seize and search the defendant's cell phone and home security system, the rest of the warrant's authorization was overbroad, and, thus, the trial court erred in denying the defendant's motion to suppress. *Id.*

We reached a similar conclusion in *Burnham*, 287 Or App at 665-66. There, the defendant was under investigation for illegal hunting. The affidavit established that the defendant had likely taken photos of the illegal game with his phone and posted those photos to his Facebook page. Police sought a warrant to seize and analyze a broad array of the defendant's electronic devices. *Id.* at 663. Following the same analytical path employed in *Friddle*, we reasoned that, at best, the affidavit established a *possibility* that the photos had been transmitted from the defendant's phone to other devices, but that that possibility did not rise to the level of probable cause to search each of the devices authorized by the warrant. Accordingly, we again held that the warrant was overbroad.

As our opinions in *Friddle* and *Burnham* make clear, probable cause must exist for each device that a warrant authorizes to be searched. *See also Mansor*, 363 Or at 187 ("A warrant to search a computer or other digital device for information related to a crime must be based on probable cause to believe that such information will be found on the device."). In the case at bar, the state attempts to distinguish

*Friddle* and *Burnham* on the basis that the crimes under investigation in those cases did not involve the use of electronic devices in the commission of the crimes. In contrast, the state argues, in cases involving child pornography, as here, the devices at issue are the tools by which the crime was committed—they are the means by which the illegal images are manufactured, stored, and transferred to others. Thus, the state argues, our reasoning from *Burnham* and *Friddle* does not apply. In making that argument, the state relies on the following *dicta* from *Burnham*:

> "[A]s in *Friddle*, the crime under investigation (illegal hunting) was not one that depended upon or was committed through the use of electronic devices. Thus, in both cases, the only concrete factual link between the crimes under investigation and the multiple electronic devices covered by the warrant was the likely presence of incriminating digital data on specifically identified devices—here, a single cellular phone."

287 Or App at 665. The state argues that our holdings in *Burnham* and *Friddle* are not controlling in child pornography cases, where the crime under investigation "depended on or was committed through the use of electronic devices." The state also argues that, here, Cummings's statements based on his training and experience provided the necessary factual basis for concluding that evidence related to child pornography crimes was likely to be found on every device indicated in the search warrant.

We begin by declining the state's invitation to craft a categorical rule for searching multiple devices in child pornography cases. The overbreadth of a search warrant depends upon whether the search warrant itself, "as supplemented by any attached or incorporated supporting documents," authorizes searches not supported by probable cause. *Friddle*, 281 Or App at 137. We therefore must consider the specific facts unique to each case to determine whether probable cause existed. In some cases involving the search of electronic devices, the nature of the crime under investigation, in light of the facts averred in the affidavit, may lead to the conclusion that probable cause supports the search of multiple devices. In this case, however, as explained below, the facts in the affidavit do not give rise to probable cause to

search the all-encompassing list of electronic devices speci-fied in the warrant.

We next turn to the state's argument regarding Cummings's statements based on training and experience. The state argues that those statements provide the neces-sary nexus between the nature of the crime, the evidence sought, and the place to be searched, *i.e.*, all of defendant's electronic devices. In regard to such statements, we must "ensure that the officer's knowledge is connected to the facts of a particular case [and] we must also examine the knowl-edge itself." *Friddle*, 281 Or App at 140. Cummings stated that, in his experience, people who are sexually attracted to children will store illegal images "on their computer *or* other digital storage device such as USB flash drive, thumb drive, SD cards, Micro SD cards, Compact Disks[,] DVDs, and cell phones." (Emphasis added.) Cummings also averred the following:

> "I know, based upon my training and experience in investigating Child Porn cases it is more common than not for persons involved in possession and/or distribution of child pornography to use mobile devices, such as cell phones, laptop computers, *or* tablet computers to share or receive their pornographic material. * * *

> "I further know, based upon my training and experience in investigating sex crimes that people involved in possess-ing and distributing child pornography will more often than not keep their pornographic material saved on their smart cell phones, computers, laptops, tablet computers, thumb drive, SD cards, *or* any other mobile devices they have for easy access to."

(Emphases added.) Those statements may provide a basis for concluding that any single device owned by defendant could possibly contain child pornography. Missing from those statements, however, is any basis for concluding that every single cell phone, computer, gaming system, or other type of electronic device owned by defendant was likely to contain evidence of child pornography.[4] *See Burnham*, 287

_____

[4] As noted above, 299 Or App at 630, in some cases, the information in an affidavit may give rise to probable cause to search a defined group of electronic devices, each of which may contain the evidence or contraband that is the subject of the search. *See Villagran*, 294 Or at 413 (noting that "the circumstances of a

Or App at 666 (stating that the affidavit failed to establish that it was more likely than not that images had been transmitted to all of the defendant's electronic devices); *Friddle*, 281 Or App at 141 (stating that the affidavit did not address "whether a suspect who has accessed and stored a recording of an event on one personal electronic device \* \* \* will do so on all other devices").

Cummings's statements provided only that individuals who possess child pornography are more likely than not to keep evidence on any of a variety of electronic devices, such as a cell phone or "any other mobile devices," not that they will store images on every single device that they own. Nor did the Cummings affidavit specifically tie the broad group of all of defendant's devices to any illegal conduct. The only statements that attempted to do so were based on general officer training and experience. Indeed, the affidavit failed to establish that defendant even owned any of the devices indicated in the warrant, other than the single Samsung cell phone.[5] As we concluded in *Friddle* and *Burnham*, Article I, section 9, requires that probable cause exist for each device authorized to be searched in a warrant. *See also Mansor*, 363 Or at 187. Here, the affidavit did not meet that requirement.

Certainly, the affidavit includes facts that justify a suspicion that defendant possessed child pornography. Those facts include defendant's prior criminal history, the existence of lewd images on the HP laptop, defendant's suspicious conduct at Walmart that may have involved a cell

---

case may give rise to probable cause to search several different locations at the same time"; "[t]he nature of 'probable cause' is not such that if it is used to support a search at one location it is necessarily exhausted as to other potential search sites"); *see also Mansor*, 363 Or at 207 ("The warrant was sufficiently particular in its description of the [four] computers to be seized and the grounds for believing that evidence related to the criminal investigation was likely to be found on one or more of them to meet the particularity requirement of Article I, section 9, with respect to the seizure of the computers."). In this case, however, as described in the text, the information in the affidavit provides no reason to believe that there likely will be evidence or contraband on the all-encompassing group of devices described in the warrant. We recognize that electronic information easily can be shared between or among devices through linked devices, cloud computing, and other electronic sharing systems. We do not reach the issues raised by such facts as they were not presented in the affidavit.

    [5] As noted, defendant no longer owned the HP laptop at the time of the search.

phone, and the fact that defendant had violated the terms of his release by owning at least two devices that he was prohibited from owning. Nevertheless, as explained above, the warrant was not supported by probable cause because the affidavit did not provide a factual basis from which a reasonable magistrate could conclude that it was probable that evidence would be found on every CD, DVD, gaming system, thumb drive, micro-SD card, and other similar device owned or possessed by defendant. Because the warrant permitted a search broader than was supported by probable cause, the warrant was overbroad in violation of Article I, section 9, and the trial court properly granted defendant's motion to suppress. Accordingly, we affirm.

Affirmed.