Argued and submitted September 19, 2019, reversed and remanded
September 1, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDWARD CHRISTOPHER RITTER,
*Defendant-Appellant.*

Marion County Circuit Court
16CR38077, 16CR61942;
A166044 (Control), A166045

496 P3d 1047

Lindsay R. Partridge, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Mooney, Judge, and Kamins, Judge.*

PER CURIAM

Reversed and remanded.

------------

   * Kamins, J., *vice* Hadlock, J. pro tempore.

## PER CURIAM

In this consolidated appeal, defendant seeks reversal of his convictions for five counts of first degree encouraging child sexual abuse (ECSA), ORS 163.684, five counts of second degree ECSA, ORS 163.686, two counts of first degree online sexual corruption of a child, ORS 163.433, and two counts of luring a minor, ORS 167.057. Police found the evidence of those crimes pursuant to a warrant that directed them to search for and seize all cell phones and computers and a variety of other digital devices on defendant's person and in his home and search those devices for all evidence of ECSA and other crimes. In his first assignment of error, defendant argues that the trial court erred in denying his first motion to suppress evidence, in which defendant asserted that the warrant was insufficiently particular. *See State v. Mansor*, 363 Or 185, 212, 421 P3d 323 (2018) (noting that "two related, but distinct concepts"—specificity and overbreadth—"inform the particularity analysis" under Article I, section 9, of the Oregon Constitution). Having reviewed the briefing, the relevant portions of the record, and the applicable law, we agree with defendant and, for the reasons briefly discussed below, reverse.

A detailed discussion of the facts and our analysis in this case would not significantly benefit the bench, the bar, or the public. However, we note that, for purposes of our analysis, we assume without deciding that the facts in the affidavit established probable cause to search a cell phone that an informant had shown the affiant for video evidence of ECSA. The issue in this case is whether the affidavit also established probable cause to search the remaining electronic devices for ECSA, or whether, instead, the resulting search warrant was unconstitutionally overbroad. *See generally*, *id.* (explaining application of the particularity requirement of Article I, section 9, of the Oregon Constitution in the context of searches of electronic devices).

In arguing that the search warrant in this case was not overbroad, the state contends that we should craft a categorical rule—effectively an exception to the overbreadth limitation of Article I, section 9—that a search of all of a defendant's electronic devices is "generally always"

permissible in cases in which there is probable cause to search any of the defendant's devices for child pornography. However, we rejected that argument in *State v. Cannon*, 299 Or App 616, 630, 450 P3d 567 (2019) ("We begin by declining the state's invitation to craft a categorical rule for searching multiple devices in child pornography cases. *** We *** must consider the specific facts unique to each case to determine whether probable cause existed.").

Here, specific and articulable facts do not establish probable cause to search for evidence of ECSA or related crimes on any other digital device. *Cf. State v. Aguilar*, 307 Or App 457, 469, 478 P3d 558 (2020) ("[A]n officer may consider the facts in light of the officer's training, knowledge, and experience, but that experience cannot itself supply the facts."). Accordingly, the warrant was impermissibly overbroad.

As the state acknowledges, the cell phone that the informant showed to the affiant—the only device for which we assume there was probable cause to search for evidence of ECSA—was never searched. Accordingly, the disputed evidence was found during searches conducted pursuant to the overbroad portions of the warrant. Thus, the trial court erred in denying defendant's first motion to suppress. Given that conclusion, we need not consider defendant's other assignments of error.

Reversed and remanded.