Argued and submitted November 21, 2022, reversed and remanded
August 23, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MERLE FREDRICK CANTRELL,
*Defendant-Appellant.*

Jefferson County Circuit Court
17CR51432; A175596

536 P3d 606

Defendant appeals from a judgment of conviction for two counts of first-degree sexual abuse. On appeal, defendant asserts that the trial court erred in denying defendant's motion to suppress evidence related to all of his electronic devices. He argues that the warrant authorizing the search was unconstitutionally overbroad. *Held*: The warrant at issue was overbroad in violation of Article I, section 9, of the Oregon Constitution. When a warrant authorizes a search of multiple electronic devices, the affidavit supporting the warrant must demonstrate that there is probable cause to search each of the identified devices. *State v. Cannon*, 299 Or App 616, 627-28, 450 P3d 567 (2019). In this instance, the affidavit supporting the warrant did not demonstrate that there was probable cause to search each identified device.

Reversed and remanded.

Annette C. Hillman, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and Jacquot, Judge.*

LAGESEN, C. J.

Reversed and remanded.

_____
\* Jacquot, J., *vice* James, J. pro tempore.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427. He conditionally pleaded no-contest to those counts after the trial court denied his motion to suppress evidence obtained in a search, pursuant to a warrant, of a number of his electronic devices. Although defendant conceded that there was probable cause to search some of his devices, in defendant's view, the warrant was unconstitutionally overbroad under the rationale of *State v. Cannon*, 299 Or App 616, 450 P3d 567 (2019); *State v. Burnham*, 287 Or App 661, 403 P3d 466 (2017), *adh'd to as modified on recons*, 289 Or App 783, 412 P3d 1233 (2018); and *State v. Friddle*, 281 Or App 130, 381 P3d 979 (2016), to the extent that it authorized a search of the devices apart from the ones for which he conceded there was probable cause. We agree and, accordingly, reverse and remand.

We review a trial court's determination whether a warrant is invalid on the basis of overbreadth for legal error. *Cannon*, 299 Or App at 625. Where a search warrant authorizes the search of multiple electronic devices, the supporting affidavit must supply probable cause "for each device that a warrant authorizes to be searched." *Id*. at 629. A warrant that is supported by probable cause to search some identified devices, but not all identified devices, is overbroad and invalid. *Friddle*, 281 Or App at 142.

With those standards in mind, we turn to the warrant at issue in this appeal.[1] That warrant authorized a search of five items (a cellphone, an iPad, a Mac laptop, a Gateway laptop, and a Logitech keyboard) for evidence of three crimes (first-degree sexual abuse, encouraging first-degree sexual abuse, and possession of material depicting sexually explicit conduct of a child in the first degree).

The warrant was supported by the affidavit of Officer Farrester of the Madras Police Department. Farrester's affidavit did not address, directly, why there was probable cause

---

[1] Two warrants were issued in connection with defendant's case. We focus our discussion on the second warrant, which is the one put at issue by defendant's arguments on appeal. Because both warrants were addressed at the hearing below, we occasionally refer to "warrants" when describing discussions that addressed both warrants.

to believe any one of those identified devices contained evidence of the specified crimes. Instead, the affidavit started with a 10-page summary of Farrester's knowledge, based on training and experience, about how people use digital devices. Farrester averred, among other things, that

- Based on his training and experience, "[p]eople communicate and document activities and important events digitally on a frequent basis in the form of image files, multimedia files, and audio files[,]" which may be created using cameras and cell phones and used by internet and online services.

- Farrester has "specific training in computer technology and in the preservation and recovering of data from computers and devices such as cell phones." He has attended conferences that provided "specific training on cell phones and computer technology, preservation and recovery of data[.]"

- Farrester knows from his training and experience that suspects will often hide digital files and that the files can be found on a variety of electronic devices.

- Farrester knows from his training and experience a range of other ways people use laptops and other electronic devices to communicate, store and share data, and memorialize their activities.

After summarizing his training and experience, and the knowledge he had accrued from it, Farrester outlined the investigation that had led him to seek the warrant. Pertinent to the issues before us, Farrester explained that he received a report from a father that his two daughters—C, age 8, and J, age 9—told him that defendant had touched them inside the pants on several occasions. The next day, Farrester interviewed C and J. Each reported that defendant had touched them on their private parts, including on the buttocks and vagina.

The following day, Farrester went to defendant's apartment to speak with him about the allegations. Defendant agreed to an interview at the police station. In

that interview, he denied touching C and J on private parts of their bodies. Defendant also showed Farrester his Facebook page. Farrester saw that defendant had posted photographs of C, J, and a third child on the page, as well as video showing J driving a car while sitting on defendant's lap, and a video of C playing a children's video game on defendant's iPad.

While defendant was being interviewed at the police station, his son permitted a different officer to collect a black LG cell phone, a white iPad, and a black Gateway laptop with a Logitech keyboard. An officer later collected a white MacBook computer after defendant told Farrester it was under his bed. According to Farrester, defendant gave him permission to examine all those devices.

A day later, C and J underwent forensic interviews. In those interviews, both children describe various incidents in which defendant had touched them sexually. C also disclosed that, on one occasion, defendant had taken photos of her vagina, and that defendant also had taken photos of her "'butt' with her pants on." C disclosed that one of the occasions on which defendant touched her was while she was in the backseat of a car with defendant and J while her grandmother was driving.

After the interview, Farrester learned from C and J's father that defendant owned a black digital camera and had SD cards that he used with that camera. Farrester also interviewed C and J's grandmother, who confirmed a car trip similar to the one that C had described.

Based on that information, Farrester asserted that he had probable cause to search the devices identified above, as well as "black digital camera and any and all storage devices for these electronic devices" for "evidence of the crimes of Sexual Abuse in the first degree, Encouraging child sexual abuse in the first degree[, and] Possession of materials depicting sexually explicit conduct of a child in the first degree[.]" The warrant was issued.

Before trial, defendant moved to suppress all evidence obtained in the search authorized by the warrant. Defendant moved to suppress evidence related to "all of the

Defendant's electronic devices," on three grounds: (1) that the warrant affidavit "failed to establish probable cause that evidence of criminal activity would be found on any electronic devices belonging to Defendant, or located in Defendant's residence"; (2) that "search and seizure of his person and property was without consent"; and (3) that "search and seizure of his person and property" was "not supported by probable cause and exigent circumstances." In response, the state contended that defendant consented to the search and seizure of the devices in question, that the warrant was not overbroad, and that there was probable cause for everything covered by the warrants. In the course of litigating the motion, defendant conceded that there was probable cause to search some, but not all, of the devices identified in the warrant.[2]

After a hearing on the motion to suppress, the court issued a letter order denying defendant's motion in full. It determined that the investigating officer had sufficient training which, with the facts alleged, established probable cause for all devices seized and searched under the authority of the two warrants. Furthermore, it concluded that the warrants were sufficiently limited by time period to not be overbroad. The court did not address the state's alternative argument regarding consent.

Defendant entered a conditional plea of no-contest to two counts of first-degree sexual abuse, reserving in writing his right to challenge on appeal the court's ruling on the motion.

On appeal, relying on *Cannon*, defendant first argues that "the search criteria were overbroad because they authorized searches *** of every electronic device in defendant's possession" without the support of probable cause. There was probable cause to believe that defendant

---

[2] On appeal, defendant argues that he should not be bound by his concession, but we are not persuaded that he should be relieved from it. In addition, the state and defendant appear to dispute its scope, and the record is ambiguous on the point. In particular, the state suggests that defendant conceded that there was probable cause to search one of the laptops, but the record, viewed as a whole, undercuts that suggestion. Because the scope of the concession does not bear on our resolution of the legal question presented on appeal, we need not, and do not, address it. To the extent the scope of the concession may bear on the proceedings on remand, the trial court is in a better position than we are to resolve the question.

took two photos of the victims' clothed buttocks, one photo of one victim's unclothed genitals ("unlawful photos"), and several videos and photos of the victims. Defendant contends that, even with the experience and qualifications of the investigating detective, those facts are not enough to establish probable cause to search each and every device identified in the warrant.

Second, he argues that the warrant was not sufficiently particular. He asserts that "the warrant also was overbroad to the extent that the search criteria authorized the search for 'any and all digital data *** used for communication,' 'multimedia files' including audio and animated content, 'incriminating statements *** documented by communicative data' including all of defendant's text messages, emails, social media, and voicemail, all cloud storage data, and 'any and all Internet based artifacts[.]'" Defendant contends that the information alleged in support of the warrant "was not sufficient to give rise to probable cause to believe that incriminating evidence, other than the three specific photos, would be found in any of the foregoing data."

As a consequence, he argues, the warrant is invalid and all evidence obtained under its authority should be suppressed. Alternatively, defendant contends that "[e]ven if portions of the warrant are sufficiently particular, any evidence that is outside the scope of the probable cause in the affidavit must be suppressed."

The state, in response, asserts that we should affirm on the alternative ground that defendant consented to the search of his devices. Alternatively, the state contends that the affidavit establishes probable cause to search each of the devices at issue. The state further contends that defendant's particularity argument is not preserved, and should not be reviewed for plain error.

To start, we reject the state's argument that we may affirm on the alternative ground that defendant consented to the search in question. Although there is evidence that would support the determination that defendant consented to the search, the evidence does not compel that conclusion, and the trial court did not engage in the factfinding

necessary to resolve the issue. Accordingly, it does not supply a basis for us to affirm. *State v. Washington*, 284 Or App 454, 466, 392 P3d 348 (2017) (explaining that "reaching the state's alternative basis would be inappropriate, because the trial court did not resolve the factual issues necessary" to resolve the legal question at issue).

As for whether the warrant was impermissibly overbroad, we are persuaded that this case is not materially distinguishable from *Cannon*. There, relying on our prior decisions in *Friddle* and *Burnham*, we determined that a similar warrant authorizing the search of an array of the defendant's electronic devices was unconstitutionally overbroad. In that case, police obtained a warrant to search for and then forensically analyze a broad range of electronic devices:

> "(1) 'any' cell phones determined to belong to defendant, (2) 'all' computers, including laptops, tablets, iPads, or iPods, and (3) 'any and all' hard drives, gaming systems, flash drives, thumb drives, SD cards, micro SD cards, CDs, DVDs, or any other similar devices that store electronic data for evidence related to the crimes of first-degree possession of materials depicting sexually explicit conduct of a child (ORS 163.688) and second-degree encouraging child sex abuse (ORS 163.686)."

*Cannon*, 299 Or App at 619. The affidavit supporting the warrant for that search, seizure, and forensic search averred that sexually explicit images of children had been found on a computer that the defendant had returned to a pawnshop after having it in his possession for two weeks; the pawn shop employees reported that the computer had been wiped clean at the time the defendant had purchased it. *Id*. Additionally, one week before the images were discovered on the laptop, an officer had responded to a suspicious person complaint that someone dressed as a Walmart employee was taking photographs of children. *Id*. at 619-20. The officer found the defendant at the store; the defendant was dressed like a Walmart employee even though he did not work there. *Id*. at 620. The affidavit alleged further that the defendant had convictions for prior sexual offenses, including encouraging child sexual abuse, and that the defendant had electronic devices that could connect to the internet in his possession,

even though the conditions of his parole precluded him from possessing those devices.

In addition to those specific facts about the defendant, the affidavit "contained a lengthy description of habits and behaviors that, in [the officer's] training and experience, are commonly associated with individuals who possess child pornography." *Cannon*, 299 Or App at 620. It asserted, for example, that such persons would commonly obtain and store sexually explicit images of children on computers and other digital devices and also would keep such material on any digital or mobile devices to which they had easy access. *Id*.

Police executed the warrant and seized two cellphones, a laptop, and a gaming device. *Id.* at 621. A search of those devices revealed pornographic images of children on one phone and the laptop. *Id*. The defendant was charged with multiple counts of encouraging child sexual abuse. *Id.* at 622. He moved to suppress, arguing that the warrant was overbroad, in violation of Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. *Id.* The trial court granted the motion.

We reversed. We explained that, when a warrant authorizes a search of multiple electronic devices, the affidavit supporting the warrant must demonstrate that there is probable cause to search each of the identified devices. *Cannon*, 299 Or App at 627-28. In so doing, we again rejected an argument often repeated by the state—"namely, that the probable existence of evidence on one device gives rise to probable cause to search a broad array of electronic devices." *Id*. at 628. We also rejected the argument that the officer's general statements based on training and experience could provide probable cause to search a broad array of electronic devices, noting that such statements supported, at most, a conclusion that all of the defendant's devices "could possibly contain child pornography." *Id.* at 631. "Missing from those statements, however, is any basis for concluding that every single cell phone computer, gaming system, or other type of electronic device owned by defendant was likely to contain evidence of child pornography." *Id.* at 631-32.

This case is similarly short on facts specific to defendant and his use of his devices. As in *Cannon*, the evidence that defendant had taken sexually explicit photos of the victims, combined with the officer's generalized statements, would support the determination that it was more likely than not that some of defendant's devices contained evidence of the offenses identified in the warrant. But, "Article I, section 9, requires that probable cause exist for *each* device authorized to be searched in a warrant." *Id*. at 632 (emphasis added). Here, the affidavit supporting the warrant does not satisfy that standard. In particular, it offers no facts that would allow for the finding that, more likely than not, images or other evidence of the alleged crimes could be found on the keyboard,[3] iPad, or both laptops. In particular, there is no evidence in the affidavit supporting the warrant that defendant used those devices to take photographs or transferred photographs to them. *See Burnham*, 287 Or App at 666 (concluding that warrant authorizing search of multiple electronic devices was overbroad when it did not establish facts showing that it was more likely than not that images had been transmitted to all of the defendant's devices). Although there is evidence that defendant posted photographs and videos to Facebook, there is no evidence that would allow for the conclusion that it is more likely than not that he did so from a device other than the one he used to create the photograph or video. There is also no evidence that defendant used those devices in any other way in connection with the offenses he was alleged to have committed against the victims. The best that can be said, as in *Cannon*, is that it is reasonable to think that such devices *might* contain evidence, not that it is *likely* that they would. As we observed in *Cannon*, the constitution demands likelihood, not reasonable suspicion. *Cannon*, 299 Or App at 632-33.

For those reasons, the warrant at issue was overbroad in violation of Article I, section 9. We therefore need not address defendant's unpreserved argument that the warrant was not sufficiently particular.[4] We reverse and

---

[3] The state has offered no explanation as to how the keyboard would contain evidence.

[4] Although our ruling would appear to obviate any need to address the particularity argument, it should not be understood to foreclose defendant from

remand for the trial court to consider the state's argument that defendant consented to the search in question and for such other further proceedings as are necessary.

Reversed and remanded.

raising it in the trial court on remand, should we be wrong on that point. We note that the Supreme Court's decision in *State v. Turay*, 371 Or 128, 532 P3d 57 (2023), would govern any proceedings on remand, should the issue arise. Additionally, to the extent defendant's concession gives rise to issues regarding the scope of suppression required, in the event the trial court rejects the state's argument regarding consent, those issues are for the trial court to resolve in the first instance, another issue on which the Supreme Court's decision in *Turay* appears to bear. *Turay*, 371 Or at 168-69.